**In re LAKE TAHOE LAND CO., INC., Debtor.**

**DIVERSIFIED MORTGAGE INVESTORS, INC., a Florida corporation, Plaintiff,**

v.

**LAKE TAHOE LAND CO., INC., a Nevada corporation, Defendant.**

**Bankruptcy No. 79–00541. Adv. No. 81–0032.**

United States Bankruptcy Court, D. Nevada.

July 9, 1981.

---

Lionel, Sawyer & Collins by Don Spring-meyer, Reno, Nev., for plaintiff.

Stephen R. Harris, Reno, Nev., for defendant.

### ORDER DENYING MOTION TO DISMISS

BERT GOLDWATER, Bankruptcy Judge.

Defendant moved to dismiss this adversary action upon the ground that defend-ant's Chapter 11 reorganization proceeding was dismissed while this action was pending and, inasmuch as no appeal was taken from the dismissal, the order became final, and the Court no longer had jurisdiction of this case.

Lake Tahoe Land Company, Inc., (Tahoe) filed a petition under Chapter 11 on December 18, 1979. While the petition was pending, an adversary proceeding was commenced by Diversified Mortgage Investors, Inc., (Investors) to lift the automatic stay of 11 U.S.C. § 362 so as to permit Investors to foreclose a deed of trust. The stay was lifted on April 24, 1980. 5 B.R. 34. A notice of appeal was filed May 7, 1980, thirteen days later. The notice of appeal was filed late and the judgment to lift the stay became final. Bankruptcy Rule of Procedure 803.

Following the left of stay Tahoe did not further prosecute the reorganization case. On March 27, 1981 the Chapter 11 was dismissed pursuant to 11 U.S.C. § 305(a)(1).[1] On the same date, counsel of record for Tahoe was granted leave to withdraw upon motion filed March 24, 1981 with statements of counsel that repeated attempts to obtain debtor's cooperation were without avail.

On March 4, 1981, prior to dismissal of the bankruptcy proceeding, Investors filed this adversary action to recover a deficiency judgment. Nevada law requires an action to be filed within three months after a sale under a deed of trust to recover a deficiency if grounds for deficiency exist. *See* N.R.S. 40.455 et seq.

The issue is whether the jurisdiction of the Bankruptcy Court over a pending adversary action is dependent upon the continuity of an underlying bankruptcy proceeding.

Once jurisdiction attached in this adversary action, reason and logic require that jurisdiction continue notwithstanding the dismissal of the underlying bankruptcy proceeding.

28 U.S.C. § 1471 provides in part:

---

1. Erroneously referred to as 11 U.S.C. § 306 in the order of dismissal.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

This case arose under Title 11 when it was filed and, at the time of filing, this Court was the only court in which an action could be filed against the then debtor. The sale under the deed of trust was December 5, 1980. This case was filed one day before the bar of the Nevada statute. It is now too late for filing in any other court.

There may be adversary cases in which the Bankruptcy Court loses jurisdiction when the underlying Title 11 proceeding is dismissed. Certainly a case for discharge or dischargeability has no further relationship to the bankruptcy when the debtor no longer will or can obtain a discharge. So, too, an action to lift the stay of Section 362 may become moot. Cases involving property will have to be decided on a case-by-case basis as to the continuity of jurisdiction.

Suffice to say, in this case jurisdiction continued as arising in a Title 11 case under circumstances where it would be necessary and proper for the action to be concluded in the same court. This conclusion stems partly from H.R.Rep. No. 95–595 discussing 28 U.S.C. § 1471 jurisdiction [See H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 445 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6400]:

The jurisdiction granted is of all proceedings arising under title 11 or arising under or related to a case under title 11. The bill uses the term "proceedings" instead of the current "matters and proceedings" found in the Bankruptcy Act and Rules. The change is intended to conform the terminology of title 28, under which anything that occurs within a case is a proceeding. Thus, proceeding here is used in its broadest sense, and would encompass what are now called contested matters, adversary proceedings, and plenary actions under the current bankruptcy law. It also includes any disputes related to administrative matters in a bankruptcy case.

The use of the term "proceeding," though, is not intended to confine the bankruptcy case. *Very often, issues will arise after the case is closed, such as over the validity of a purported reaffirmation agreement, proposed 11 U.S.C. 524(b), the existence of prohibited post-bankruptcy discrimination, proposed 11 U.S.C. 525, the validity of securities issued under a reorganization plan, and so on. The bankruptcy courts will be able to hear these proceedings because they arise under title 11.* (Emphasis added.)

The Motion to Dismiss is denied.