In re INTERNATIONAL COINS & CURRENCY, INC., Debtor.

INTERNATIONAL COINS & CURRENCY, INC., Plaintiff,

v.

Kenneth J. ANDRASKO, Harry Sherman, Irving E. Field and William Tatum—American Bankers Associates Delaware Valley Incorporated and Financial Surety Advisory Corporation, Defendants.

Bankruptcy No. 81–00023.
Adv. No. 81–0024.

United States Bankruptcy Court,
D. Vermont.

June 9, 1982.

Robert S. Burke, Barre, Vt., for William Tatum.

Peter B. Brittin, Montpelier, Vt., for plaintiff, International Coins and Currency, Inc.

## MEMORANDUM AND ORDER ON MOTION OF WILLIAM TATUM TO DISMISS

CHARLES J. MARRO, Bankruptcy Judge.

The Debtor as plaintiff instituted this adversary proceeding to recover from the Defendants money had and received, for breach of contract and for fraud, by Complaint filed March 9, 1981. A Summons and Notice of Trial was issued by the Clerk of this Court and all of the Defendants were served in accordance with the Summons with the exception of defendant, William Tatum. The failure of the Debtor to make service upon defendant, William Tatum, was pointed out to the Court at a hearing held February 18, 1982. Subsequently, on March 2, 1982 the Court prepared a Memorandum and entered an Order requiring service to be made upon co-defendant, William Tatum, not later than March 22, 1982. In accordance with this Order Peter B. Brittin, Esquire, vice president and general counsel of the Plaintiff, made service of a copy of the original and amended Complaint together with the Court's Summons on defendant, William Tatum, by mailing them to him by certified mail, return receipt requested, at 195 Willoughby Avenue, Apartment 113, Brooklyn, New York 11205. The return receipt as evidence of said service was transmitted to the Attorney for the Debtor showing that delivery was made and received by William Tatum on March 23, 1982. This was filed with the Court on June 3, 1982.

The defendant, William Tatum, filed an answer with two affirmative defenses on April 14, 1982 in which he denied jurisdiction of this Court.

Tatum's Motion to Dismiss is based on the alleged lack of jurisdiction by this Court over the person of the Defendant in that the Defendant does not reside within this jurisdiction and has not transacted any business within this jurisdiction.

■ Tatum, through his attorney, also argued that it is necessary for the Plaintiff to set out in the Complaint the grounds for jurisdiction which the Debtor failed to do. Under Rule 8 of the Federal Rules of Civil Procedure a pleading must contain a short and plain statement of the grounds upon which the court's jurisdiction depends, *unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it.* The jurisdiction of the Bankruptcy Court does exist. See 28 U.S.C. § 1471(e) which reads as follows:

"The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case."

The property comprising the estate of the Debtor is defined in § 541(a)(1) of the Bankruptcy Code and includes all legal or equitable interests of the debtor in property. The scope of paragraph (1) under this section is broad and includes both tangible and intangible property as well as causes of action. 4 Collier, 15th Edition, 541–25, § 541.06.

The gravamen of the Plaintiff's Complaint is a chose in action for money had and received, for breach of contract and for fraud. Therefore, the Court has jurisdiction over this subject matter and it is not necessary for the Plaintiff, pursuant to Rule 8, to set out the grounds upon which this Court's jurisdiction depends.

■ Service was made on Defendant Tatum by certified mail, return receipt requested. This was in accordance with Rule 704(c)[1] under which service of a Summons, Complaint and Notice of Trial may be made upon an individual within the United States by first class mail, postage prepaid. By such service with proof thereof submitted by the Debtor this Court acquired jurisdiction over the person of Defendant Tatum. Acquisition of jurisdiction over the person of the defendant generally depends on whether service of process has been made in the manner required by law and whether due notice has thereby been given. 20 Am. Jur.2d 491 § 143.

1. Rules of Bankruptcy Procedure.

As pointed out in *Simon v. Craft*, 182 U.S. 427, 21 S.Ct. 836, 45 L.Ed. 1165 and in *Dorr v. Rohr*, 82 Va. 359, notice and an opportunity to be heard are the essential requisites to the jurisdiction of all courts. Also in *Hackner v. Guaranty Trust Co.*, CA2 N.Y., 117 F.2d 95, it was held that due process of law requires notice; however, if the defendant has had notice "reasonably calculated" to give him actual notice of the proceedings, the requirement of due process of law is satisfied.

Since Defendant Tatum was properly served by certified mail in accordance with 704(c) of the Rules of Bankruptcy Procedure this Court obtained jurisdiction over his person. Accordingly,

IT IS ORDERED that the Motion of William Tatum to Dismiss on the grounds of jurisdiction is DENIED.