UN–COMMON CARRIER
CORPORATION,
Plaintiff,

v.

Jimmy L. OGLESBY, a/k/a J.L. Oglesby, Barbara Hughes, d/b/a American Fiberglass Manufacturing and the Splice House, Inc., a Corporation, and Mastercrafters Corporation, a Corporation, Defendants.

Civ. A. No. J87–0529(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

Feb. 23, 1989.

Marc E. Brand, William Abbott, Jr., Arnold D. Dyer (lead counsel), Jackson, Miss., for plaintiff.

Carl F. André, Jackson, Henry E. Chatham, Jr., Jackson, Miss., for Mastercrafters Corp.

B.G. Iverson pro hac vice, Monroe, La., for Mastercrafters.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This case was originally filed on May 11, 1987 as an adversary proceeding by Un-Common Carrier Corporation against Jimmy L. Oglesby, a/k/a J.L. Oglesby, and Barbara Hughes, d/b/a American Fiberglass Manufacturing, and the Splice House, Inc. during the pendency of plaintiff's chapter 11 bankruptcy case which plaintiff had initiated in the United States Bankruptcy Court on August 6, 1986. The case was subsequently transferred to this court pursuant to an order of the bankruptcy court dated September 15, 1987. Thereafter, on January 6, 1988, plaintiff amended its complaint to add Mastercrafters Corporation as a defendant. The case is now before the court on the motion of the defendants to dismiss or in the alternative to abstain. Plaintiff has responded to the motion and the court has considered the memoranda of authorities submitted by the parties.

Defendants seek dismissal of this case claiming that the court is without subject matter jurisdiction. Plaintiff, though, asserts that there exist two valid bases for jurisdiction in this court: (1) jurisdiction pursuant to 28 U.S.C. § 1334 since, according to plaintiff, this is a non-core proceeding that is related to a case under title 11 of the bankruptcy code; and (2) jurisdiction pursuant to 28 U.S.C. § 1338 since one claim asserted against defendants is an alleged patent infringement.

A preliminary matter to be addressed is defendants' assertion that dismissal should be ordered since plaintiff did not include in its complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends," as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure. Failure to comply with this provision does not mandate dismissal for lack of jurisdiction so long as the complaint reveals a proper basis for jurisdiction, that is, when facts appropriate for the invocation of federal jurisdiction are alleged in the complaint. *See Continental Cas. Co. v. Canadian Universal Ins. Co.,* 605 F.2d 1340, 1343 (5th Cir.1979), *cert. denied,* 445 U.S. 929, 100 S.Ct. 1317, 63 L.Ed.2d 762 (1980); *Wong v. Bacon,* 445 F.Supp. 1177, 1182 (N.D.Cal.1977). Whether the facts alleged by plaintiff set forth a claim cognizable in this federal court is a matter to be considered, *infra.* In any event, however, Rule 8 requires a short and plain statement of jurisdictional grounds "unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it." Since this cause originated as an adversary proceeding in the bankruptcy court, there was no need for pleading the basis for this court's jurisdiction. *See In re International Coin & Currency, Inc.,* 22 B.R. 121 (Bankr.D.Vt. 1982). Thus, plaintiff's complaint, while perhaps deficient for its failure to specify the basis for jurisdiction, is not fatally so.

## BANKRUPTCY JURISDICTION

28 U.S.C. § 1334(b) provides as follows: Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

This case is not one arising under title 11 or one arising in a case under title 11. And, while the court has some question as to whether this case is in fact one which related to plaintiff's case under title 11 for purposes of jurisdiction under 28 U.S.C. § 1334, this is not an issue raised by the parties and is not an issue which the court need consider. The major point of contention between the parties is whether this court continues to have what the parties term "bankruptcy jurisdiction" since the bankruptcy case upon which such jurisdiction was initially premised has been dismissed since the filing of this lawsuit. According to defendants, since there is no longer a bankruptcy case to which this proceeding can relate, it follows that there can be no possible basis for subject matter jurisdiction under section 1334. In this regard, the record reflects that on March 16, 1988, Un-Common Carrier, the debtor in

bankruptcy, was ordered by the bankruptcy court to make certain payments to the Internal Revenue Service failing which the case would be dismissed without further order of that court. Those payments were not made and as a consequence, the bankruptcy court ordered dismissal of Un–Common Carrier's bankruptcy proceeding on January 26, 1989. The issue, therefore, is whether this court's jurisdiction—to the extent that it is based on section 1334—over a pending action said to be "related" to a case under title 11 is dependent upon the continuity of the underlying bankruptcy proceeding.

■ The courts which have considered this issue have concluded that while dismissal of the bankruptcy case usually does and should result in dismissal of all remaining adversary proceedings, dismissal of the underlying bankruptcy does not necessarily mandate dismissal of such adversary proceedings. *See In re Stardust Inn, Inc.*, 70 B.R. 888, 890 (Bankr.E.D.Pa.1987); *In re Pocklington*, 21 B.R. 199, 202 (Bankr.S.D. Calif.1982). Under 11 U.S.C. § 349, a debtor in bankruptcy is granted the right to dismiss his case. That section, however, attempts to return the parties to the positions they occupied at the time of the filing of the petition in bankruptcy and as such, contemplates dismissal of pending adversary proceedings unless the bankruptcy court "for cause, orders otherwise."

> As a practical matter, generally the dismissal of a bankruptcy case results in dismissal of all adversary proceedings filed in that case. Section 349 of the Bankruptcy Code, however, reserves to the court the power to alter the normal effects of the dismissal of a bankruptcy case if cause is shown. Section 349 empowers the Court to issue appropriate orders to protect rights acquired in reliance on the bankruptcy case.

*In re Pocklington*, 21 B.R. at 202. The need for the retention of jurisdiction, in appropriate cases, after dismissal of a bankruptcy case has been explained as follows:

> The bankruptcy court's jurisdiction to decide any matter is invoked by the filing of a bankruptcy petition. Absent that filing, the bankruptcy court is without power to decide the rights of any parties. On the other hand, during the pendency of a bankruptcy case, especially a reorganization case, the court enters orders that alter the rights of parties and the parties themselves enter into agreements that alter their rights; all because of the peculiarities of bankruptcy.

> . . . . .

> Section 349 acknowledges that some cases ... have progressed so far that judicial interference is needed to unravel or preserve the rights of parties.

*In re Lerch*, 85 B.R. 491, 493 (Bankr.N.D. Ill.1988). Thus, where a dismissal would cause prejudice to one of the parties, the bankruptcy court (and hence this court) has the power to retain jurisdiction.[1] *In re Stardust Inn*, 70 B.R. at 890.

One example of a case finding such potential prejudice is *In re Lake Tahoe Land Co., Inc.*, 12 B.R. 479 (Bankr.D.Nev.1981). In that case, the court found that its jurisdiction continued notwithstanding dismissal of the underlying bankruptcy proceeding since the adversary proceeding at issue arose in the bankruptcy case and consequently at the time of filing could only have been filed in the bankruptcy court, and because at the time of dismissal, the applicable statute of limitations had run and it was "too late for filing in any other court." *In re Lake Tahoe*, 12 B.R. at 481. Similarly, in the case of *In re Pocklington*, the bankruptcy court elected to retain jurisdiction over an adversary proceeding against the debtor since dismissal would have severely prejudiced the plaintiff/creditor's ability to recover its properties from the debtor and for reasons of judicial economy since the court had already heard tes-

---

**1.** Although the cases cited by the court in this discussion have been adversary proceedings before bankruptcy courts, because this case originated in the bankruptcy court as an adversary proceeding and because the jurisdiction of this court was premised upon the existence of the bankruptcy case as in the case of any adversary proceeding, the rationale applied in those cases would apply equally to this case.

timony and received documentary evidence in the case.

> It would [be] a waste of judicial resources to require [plaintiff] to educate another court as to the facts and issues in this proceeding.

*In re Pocklington,* 21 B.R. at 202; *see also In re Lerch,* 85 B.R. at 492–93 (no objection by parties to court's retaining jurisdiction where needed to preserve and unravel rights of parties and where validity of liens hinged upon bankruptcy law); *In re Funket,* 27 B.R. 640, 643 (Bankr.M.D.Penn.1982) (court assumed jurisdiction over post-discharge, post-dismissal violation of automatic stay).

One court has observed that the general rule of dismissal of an adversary proceeding after dismissal of the bankruptcy case is particularly applicable to adversary proceedings which are "related to" the bankruptcy case since "the related proceedings could only be heard by a bankruptcy court because of their nexus to the debtor's bankruptcy case." *In re Stardust,* 70 B.R. at 890 (citing *Pacor v. Higgins,* 743 F.2d 984 (3d Cir.1984)). The *Stardust* court, however, chose to exercise jurisdiction despite dismissal of the bankruptcy case because of the "extraordinary" posture of the suit: the court had tried the case and received post-trial filings from the parties before discovering that there was no pending bankruptcy proceeding. Though there was no impediment to the plaintiffs' refiling and relitigating their claim in state court since the statute of limitations had not yet run, the court found that considerations of judicial economy weighed against dismissal. The opposite conclusion was reached in *In re Walton,* 80 B.R. 870 (Bankr.N.D.Ohio 1987), a case closely resembling the present one, wherein the court concluded that

> [i]n light of the dismissal of Debtors' chapter 11 case ... the related adversary ... should also be dismissed.
>
> ....
>
> Debtors' complaint seeks recovery for defendants' breaches of contract and RICO violations. This is not a proceeding arising under title 11. Neither is this a proceeding arising in a case under title 11....
>
> ....
>
> Debtors' complaint can be brought in another forum. This court need not retain this case and the related adversary on its docket when debtors' intention is not to achieve reorganization.... Thus, there is no basis for this court to retain jurisdiction of the Debtors' case.

*In re Walton,* 80 B.R. at 874.

In the case at bar, there has been no effort by plaintiff to show that it will be prejudiced should dismissal be ordered. There is no indication that plaintiff will be precluded by reasons of statute of limitations or otherwise from filing this action in another forum. Moreover, although this case has proceeded through a pretrial conference, plaintiff has not vigorously prosecuted this action. There has been little, if any, discovery conducted and, except for the present motion, the docket sheet reflects virtually no activity relative to this case. Under the circumstances, the court can conceive no prejudice to plaintiff and certainly none to defendants who are seeking dismissal. Thus, under the authorities cited, the court is of the opinion that even assuming it had jurisdiction in the first instance over this case, the dismissal of the bankruptcy case itself should result in the dismissal of this case as well absent any other basis for jurisdiction.

## PATENT JURISDICTION

In this action, plaintiff has alleged separate counts against the defendants, or some of them, for breach of agreements not to compete, breach of fiduciary duty, tortious interference with contract and unfair competition, and patent infringement. Thus, plaintiff asserts 28 U.S.C. § 1338 as an alternative basis for this court's exercise of subject matter jurisdiction. That section provides as follows:

(a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in

patent, plant variety protection and copyright cases.

(b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trade-mark laws.

Under section 1338, federal courts have exclusive jurisdiction over actions that arise under federal patent laws. However, not every case involving a patent arises under federal patent laws. That is, a distinction is made between cases arising under the patent laws and cases arising on a patent. Where a manufacturer copies, manufactures and distributes a patented item without express or implied authority, he may properly be sued in federal court, for under such circumstances, the claimed violation arises under the patent laws. On the other hand, when a suit is brought upon a contract which has as its subject matter a patent, the fact that the subject matter of the agreement involves a patent does not sustain federal jurisdiction. *See Robb Container Corp. v. Sho–Me Co.*, 566 F.Supp. 1143, 1150 (N.D.Ill.1983); *Poles, Inc. v. Beecker*, 461 F.Supp. 878, 881 (E.D. Pa.1978). Thus, a dispute over a licensing agreement is not deemed to arise under the patent laws. *Cf. Saturday Evening Post v. Rumbleseat Press, Inc.* 816 F.2d 1191, 1194 (7th Cir.1987) (copyright case).

In the case *sub judice*, plaintiff's count alleging patent infringement states that

the action of defendant in utilizing, copying, manufacturing and marketing designs, plans, molds and bodies subject to patents constitutes an infringement of plaintiff's patents and patent rights as provided to it by the laws of the United States. Said infringement was without authority and was willful and deliberate.

As to all defendants except Mastercrafters, the court finds nothing in the complaint which could even arguably be construed as a claim for patent infringement. And as to Mastercrafters, despite plaintiff's conclusory assertion of patent infringement, a review of the facts pled reveals that the complaint concerns not a patent infringement but an alleged breach of an agreement by Mastercrafters for the manufacture of certain items upon which plaintiff had obtained a patent. Specifically, plaintiff alleged that it entered into an agreement with Mastercrafters under which Mastercrafters was to manufacture certain fiberglass truck bodies for plaintiff. In order to do so, Mastercrafters was furnished with certain designs, plans and molds of Un–Common Carrier, some of which were patented. It is further alleged that in order to protect the information and maintain its secrecy and confidentiality, Un–Common Carrier and Mastercrafters entered into an agreement not to compete including an agreement not to manufacture or market any similar product without the prior written consent of Un–Common Carrier. According to plaintiff's allegations, after Mastercrafters and Un–Common Carrier terminated their business relationship, Mastercrafters sold certain molds and finished products in violation of and contrary to the agreement not to compete. Clearly, the thrust of plaintiff's allegations against Mastercrafters is a breach of the agreement not to compete, not patent infringement. The dispute between these parties centers around Mastercrafters' sale of products which it was specifically authorized to produce by the patent owner, Un–Common Carrier. Whether this was a violation of the agreement is a matter which is well within the province and jurisdiction of the state courts and should not remain in this court where all remaining counts are state law claims and where there exists no other basis for the exercise of jurisdiction.

Accordingly, the court is of the opinion that defendants' motion to dismiss is well taken and should be granted and it is so ordered.

A separate judgment shall be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

ORDERED.