**In re James F. KOST, d/b/a Kost Enterprises, d/b/a JFK Enterprises, Debtor.**

**James F. KOST, d/b/a Kost Enterprises, d/b/a JFK Enterprises, Appellant,**

v.

**CAPITAL CORPORATION, a Wyoming corporation; Business Computer Network, Inc., a Wyoming corporation; Aviation Maintenance Publishers, Inc., a Wyoming corporation; and its successor, International Aviation Publishers, Inc., a Wyoming corporation, Appellees.**

**Bankruptcy No. 85–275.**

**No. C88–0279J.**

United States District Court, D. Wyoming.

July 7, 1989.

James F. Kost, Basin, Wyo., pro se.

Brown & Drew, Casper, Wyo., Hirst & Applegate, Cheyenne, Wyo., Keith P. Tyler, Casper, Wyo., for appellees.

### ORDER GRANTING MOTION TO DISMISS APPEAL

ALAN B. JOHNSON, District Judge.

#### Background

On 15 April 1985 James F. Kost filed a Chapter 11 personal bankruptcy. On 20 November 1986 James Kost filed a Verified Complaint, alleging claims under 11 U.S.C. §§ 547–48 for preferential transfers and fraudulent conveyances. On 23 December 1986 Mr. Kost filed a Notice Avoiding Transfer. On 12 March 1987 the bankruptcy court entered an Order Dismissing Notice of Avoidance. On 1 May 1987 Mr. Kost filed an Amended Petition and Complaint. At a 17 November 1987 hearing on Capital Corporation's Motion for Summary Judgment, the court orally dismissed the preferential transfer claim under 11 U.S.C. § 547, and retained the fraudulent conveyance claim under 11 U.S.C. § 548. On 15 December 1987 the court entered an Order Denying Objection to Proposed Order.

On 6 May 1988 the bankruptcy court heard and considered a motion by the

FDIC, a creditor in the underlying Chapter 11 bankruptcy, to dismiss the bankruptcy case. At that time the bankruptcy judge ruled that the Chapter 11 bankruptcy case should be dismissed. The judge ruled that "the Court granted the motion to dismiss the Chapter 11 bankruptcy and an order of dismissal has or will be filed in that matter." The bankruptcy court concluded, as a matter of law, that upon entry of the order of dismissal of the Chapter 11 case, the court would lose subject matter jurisdiction over adversary No. 86–0094. On 1 July 1988 the underlying Chapter 11 bankruptcy was dismissed. On 22 August 1988 the court filed an Order Dismissing Adversary Action.

Mr. Kost has appealed both the dismissal of his underlying bankruptcy (C85–275–B) and the dismissal of his adversary (86–0094). On 4 October 1988 the district court affirmed the dismissal of Mr. Kost's personal Chapter 11 bankruptcy. Now facing this court on appeal is the issue whether the bankruptcy court properly dismissed adversary 86–0094 as well.

### Analysis

As a general rule, dismissal of a bankruptcy case should result in a dismissal of all remaining adversary proceedings. *Un–Common Carrier Corporation v. Oglesby*, 98 B.R. 751 (S.D.Miss.1989); *In re Stardust Inn, Inc.*, 70 B.R. 888, 890 (Bankr.E.D.Pa.1987); *Matter of Golden Ocala Partnership*, 50 B.R. 552, 558 (Bankr.M.D.Fla.1985); *In re Pocklington*, 21 B.R. 199, 202 (Bankr.S.D.Cal.1982). However, under 11 U.S.C. § 349, the bankruptcy court has power to alter the normal effects of a dismissal of a bankruptcy case if cause is shown. This section "empowers the Court to issue appropriate orders to protect rights acquired in reliance on the bankruptcy case." *Un–Common Carrier Corporation*, 98 B.R. at 753. In *Stardust Inn*, the court analogized this power to retain jurisdiction over adversary proceedings to a federal court's retention of jurisdiction over state pendent or ancillary claims after dismissing the federal claim giving rise to subject matter jurisdiction. 70 B.R. at 890.

In certain circumstances, some bankruptcy courts have elected to retain jurisdiction over adversary proceedings even though the underlying bankruptcy case has been dismissed. *See In re Stardust Inn*, 70 B.R. at 890–91 (the bankruptcy court completely tried the adversary proceeding not knowing that the underlying bankruptcy case had been dismissed; both parties consented to entrance of a final, binding decision); *In re Pocklington*, 21 B.R. 199 (court found that creditor's rights would be prejudiced by dismissal of its adversary proceeding following debtor's dismissal of the underlying bankruptcy; dismissal would have vacated the restraining order and allowed debtor to use the frozen accounts; it would further have allowed debtor to transfer the vehicles to bona fide purchasers); *In re Lake Tahoe Land Company*, 12 B.R. 479, 480–81 (Bankr.D.Nev. 1981) (creditor's claim, which when filed could only be heard in bankruptcy court, was barred by a state statute of limitation). In reaching these decisions, these courts also cite the interest of judicial economy.

The court cannot find that these considerations justify the bankruptcy court's retaining jurisdiction over adversary proceeding 86–0094. Defendants point to a case pending in the District Court, Fifth Judicial District for the State of Wyoming, County of Big Horn, in which Mr. Kost seeks relief remarkably similar to that requested here. That state court complaint seeks relief for fraud, tortious interference, breach of contract, and unauthorized assumption of corporate powers. Brief of Appellee Capital Corporation of Wyoming, Appendix D. Mr. Kost is not in the same position as a creditor forced to litigate in bankruptcy court while the state statute of limitations runs. This court agrees with the bankruptcy court that it should not have exercised its discretion to continue jurisdiction over this adversary.

IT IS HEREBY ORDERED that this appeal (C88–0279J) be DISMISSED.