**In re Henry C. HARPER, Debtor.**

**Freddie M. MILLER, Plaintiff,**

**v.**

**Henry C. HARPER, Defendant.**

Bankruptcy No. 1–89–02520.
Adv. No. 90–0033.

United States Bankruptcy Court,
N.D. Ohio, W.D.

July 18, 1990.

---

Gordon H. Hirsch, Toledo, Ohio, for plaintiff.

Lafe Tolliver, Toledo, Ohio, for debtor.

## OPINION AND ORDER DENYING MOTION TO DISMISS, GRANTING PARTIAL SUMMARY JUDGMENT AND SCHEDULING PRETRIAL CONFERENCE

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the court upon Debtor/defendant's motion to dismiss and plaintiff's opposition thereto and plaintiff's motion for summary judgment and Debtor's opposition thereto. Upon consideration thereof, the court finds that Debtor's motion to dismiss should be denied, plaintiff's motion for summary judgment should be granted in part, and that a pretrial conference be held on Wednesday, July 18, 1990 at 1:30 o'clock P.M. in Courtroom No. 1, Room 103, U.S. Courthouse, 1716 Spielbusch Ave., Toledo, Ohio 43624.

### FACTS

On July 6, 1988, plaintiff filed a complaint in the Lucas County, Ohio Court of Common Pleas requesting judgment against Debtor as a result of his conduct as "operator" of a business of which plaintiff was an "investor." Complaint to Determine Dischargeability of a Debt and Complaint Objecting to Discharge of the Debtor at 3. Plaintiff's state court complaint alleged causes of action arising in fraud, breach of contract and conversion. *Id.* and

Exhibit A. A jury trial of that complaint was held in August, 1989, resulting in a verdict in favor of plaintiff against Debtor. *Id.* at 4 and Exhibit B. That jury verdict was reduced by a nunc pro tunc order entered by that court. *Id.* and Exhibit C. That entry provided that

> plaintiff ... recover judgment from [Debtor] in the sum of $20,065.00 for breach of contract ... that plaintiff ... recover judgment from [Debtor] in the sum of $10,000.00 for punitive damages for [Debtor's] fraudulent conduct; that plaintiff ... recover judgment from [Debtor] in the sum of $11,250.00 for [Debtor's] conversion of goods; that plaintiff ... recover judgment from [Debtor] in the sum of $10,000.00 for punitive damages for [Debtor's] conversion of goods; that plaintiff ... recover judgment from [Debtor] in the sum of $577.00 for monies loaned, for a total judgment in plaintiff's favor against [Debtor] in the sum of $51,892.00, together with interest at the rate of 10% per annum and for costs.
>
> It is further ordered, adjudged and decreed, that [Debtor] pay the court costs of this action.

Complaint, Exhibit C at 2–3. Additionally, the state court awarded attorney fees to plaintiff in the amount of $7,836.50. *Id.* and Exhibit D.

On September 5, 1989, Debtor filed his voluntary chapter 7 petition, listing plaintiff as an unsecured creditor. On January 31, 1990, plaintiff filed the instant complaint requesting that the debt owed her by Debtor be excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(4) and (6) as a result of Debtor's fraudulent breach of contract and willful conversion of assets. Plaintiff also requests that Debtor be denied a discharge pursuant to 11 U.S.C. §§ 727(a)(3), (4) and (5) as a result of Debtor's failure to preserve records, failure to explain satisfactorily the loss thereof and knowing and fraudulent omission of debts from his schedules. On May 29, 1990, plaintiff filed the instant motion for summary judgment and accompanying documents requesting that the state court ac-

tion be given preclusive effect and that the debt owed plaintiff be determined nondischargeable or Debtor's discharge be denied. Debtor opposes plaintiff's motion, supported by Debtor's affidavit, claiming that collateral estoppel is inapplicable, that there exists questions of fact concerning the production and preservation of Debtor's financial records and that there is a satisfactory explanation of Debtor's loss of assets.

Debtor also filed a motion to dismiss premised upon Bankruptcy Rule 7012, on June 15, 1990, claiming that plaintiff's complaint is defective as a result of her failure to allege the jurisdictional basis for institution of this action. Plaintiff opposes Debtor's motion for the reason that Debtor's motion is untimely and that Debtor admitted to this court's jurisdiction in his answer.

## DISCUSSION

### MOTION TO DISMISS

Debtor requests dismissal of plaintiff's complaint for the reason that it

does not state the proper 28 USCS 1334 as the basis for this court to entertain this action but instead the complaint merely recites the basis for core proceedings under which a bankruptcy court is empowered to act or entertain certain bankruptcy related actions.

Motion to Dismiss to 1. Plaintiff states that this motion is untimely as it was filed after Debtor answered plaintiff's complaint and that Debtor admitted to jurisdiction in his answer.

■ Debtor's motion to dismiss is governed by Bankruptcy Rule 7012 which makes Rule 12(b)(1) Fed.R.Civ.P. applicable to adversary proceedings. That rule provides in pertinent part that:

[e]very defense, in law or fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter. . . .

Dismissal premised upon this jurisdictional bar cannot be waived; rather, this jurisdictional bar may be raised at any time as the court is under a continuing duty to dismiss an action whenever it appears that it lacks jurisdiction. *See Augustine v. U.S.,* 704 F.2d 1074 (9th Cir.1983); *Wells Real Estate v. Greater Lowell Bd. of Realtors,* 850 F.2d 803 (1st Cir.1988), *cert. denied,* 488 U.S. 955, 109 S.Ct. 392, 102 L.Ed.2d 381 (1988). Thus, although the court finds Debtor's motion not well taken for other reasons, his motion, premised upon Rule 12(b)(1) is not untimely.

The issue in *UN–Common Carrier Corp. v. Oglesby,* 98 B.R. 751 (S.D.Miss. 1989), was analogous to that posed by Debtor's motion. In *Oglesby,* dismissal of plaintiff's complaint was requested as a result of plaintiff's failure to include "a short and plain statement of the grounds upon which the court's jurisdiction" depended. *Id.* at 752. That court held that:

[f]ailure to comply with this provision does not mandate dismissal for lack of jurisdiction so long as the complaint reveals the proper basis for jurisdiction, that is, when facts appropriate for the invocation of federal jurisdiction are alleged in the complaint. . . . Thus, plaintiff's complaint, while perhaps deficient for its failure to specify the basis for jurisdiction, is not fatally so.

*Id.* at 752 (citations omitted).

■ This analysis is applicable to the instant adversary. Debtor correctly claims that plaintiff fails to cite 28 U.S.C. § 1334 as the basis for this court's jurisdiction. However, this omission does not deprive this court of jurisdiction. Plaintiff's complaint requests relief premised upon 11 U.S.C. §§ 523 and 727. This court may "hear and determine all cases under title 11 and all core proceedings arising under title 11 [including] determinations as to the dischargeability of particular debts; [and] objections to discharges." 28 U.S.C. § 157(b). Thus, plaintiff's complaint is not fatally defective.

■ Furthermore, leave may be granted to a plaintiff to cure a jurisdictional defect. 5 C. Wright & A. Miller, Federal Practice

and Procedure § 1350 (1977) (not dismiss unless facial defect is irremediable; court must overrule a motion directed merely at the language of the pleading). Thus, the court finds Debtor's motion to dismiss not well taken for the reasons that the complaint sets forth sufficient factual allegations for this court's jurisdiction and that this court could grant plaintiff leave to amend, correcting this defect. Because this court finds that it has jurisdiction to adjudicate plaintiff's complaint, it next considers plaintiff's motion for summary judgment and Debtor's opposition thereto.

## MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when there is no genuine issue as to any material fact and plaintiff is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c) (made applicable by Bankruptcy Rule 7056).

*Denial of Discharge under § 727*

The court will initially determine summary judgment of the § 727 allegations since granting the motion on that issue will moot the dischargeability issue. *Matter of Walton*, 103 B.R. 151, 153 (Bkrtcy.S.D.Ohio 1989). Plaintiff seeks summary judgment of her complaint pursuant to 11 U.S.C. § 727(a)(3) and (5), requesting denial of Debtor's discharge for the reasons that:

> (3) the Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;
>
> \* \* \* \* \* \*
>
> (5) the Debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the Debtor's liabilities. . . .

Plaintiff states that she requested that Debtor produce for inspection certain financial documents. Motion for Summary Judgment at 8. Plaintiff further states that these documents were not produced and, furthermore, that Debtor's attorney opined that Debtor had not "carefully kept" these documents. *Id.* at 9. However, plaintiff admits that Debtor produced "six small plastic garbage bags and two books of what the Debtor contends were the remaining records." *Id.* at 12. Plaintiff contends that reconstruction of Debtor's financial affairs is impossible. *Id.* Debtor, in response to these allegations, states that "voluminous records" were turned over to plaintiff's attorney prior to the trial in the state court action. Motion in Opposition at 2. This assertion is supported by Debtor's affidavit reflecting that he did not conceal or destroy any financial records. *Id.*, Affidavit.

Debtor's contentions are analogous to Debtor's assertions in *In re Mirus*, 87 B.R. 960 (Bkrtcy.N.D.Ill.1988). Debtor, in *Mirus*, argued that a factual dispute existed regarding the availability of missing records which he claimed the trustee could have secured. *Id.* at 970. The court stated that the lack of evidence supporting or rebutting this factual contention created a material issue of fact, preventing entry of summary judgment. *Id.* Moreover, the court stated that Debtor, at trial, could proffer evidence on this issue, affording Debtor his day in court. *Id.*

Debtor has the obligation to compile his financial information. *Walton*, 103 B.R. at 159. That is, Debtor must provide more than a " 'vague hodge podge of financial transactions" [;] unsubstantiated, mere generalities concerning losses and deficiencies of assets" are unsatisfactory. *Id.* at 160 (citations omitted). Debtor asserts that the information regarding his financial transactions was previously turned over to plaintiff in the prior state court action. Motion in Opposition at 2. Without further analysis of this issue, the court finds that summary judgment on this issue is inappropriate. Although plaintiff contends that Debtor has failed to keep records of his financial transactions, Debtor responds that said information was previously turned over. Additionally, in adjudicating a motion for summary judgment, the court

must view the facts in a light most favorable to the nonmoving party. *Walton*, 103 B.R. at 154. The court will, then, give Debtor the benefit of the doubt allowing Debtor further opportunity to compile this information and respond to this allegation. Summary judgment of this issue may not be granted.

Collateral estoppel of this issue is inapposite as this issue was not actually litigated in the state court proceeding. *See* discussion *infra*.

■ Plaintiff also seeks denial of Debtor's discharge for the reason that Debtor has failed to satisfactorily explain the loss of certain assets. Specifically, plaintiff states that Debtor listed certain assets on a financial statement which assets were not listed on Debtor's petition and accompanying schedules. Motion for Summary Judgment at 14. Debtor, in response to this allegation, states that the items referenced in the financial statement were not listed on his petition as he did not possess them at the time of the filing of his petition; he had previously liquidated these items in order to meet his living expenses. Motion in Opposition at 4.

The issue of whether Debtor has satisfactorily explained the loss, is a question of fact. *Walton*, 103 B.R. at 155 (citations omitted). In determining summary judgment of this issue, the court must consider what "Debtor provide[s] as her explanation and what [Debtor provides] in terms of recorded information to substantiate her explanation concerning the loss or deficiency of assets." *Walton*, at 156. Furthermore, Debtor's explanation "must convince the court of Debtor's good faith and business like conduct." *Id.* at 155.

Debtor opines that certain items were not listed on his petition, that were listed on a previously signed financial statement, because he no longer possessed these items. Motion in Opposition at 4. Again, summary judgment may not be granted on this issue as questions of fact exist regarding the explanation. Although this court may not be convinced of Debtor's business like conduct, the court finds that Debtor has rebutted this allegation by explaining the loss of these assets in order to meet living expenses.

*Exception to Discharge under § 523*

Plaintiff also requests summary judgment of her complaint to except from discharge the judgment rendered against Debtor in the state court action. Section 523 provides in pertinent part that:

> (a) A discharge ... does not discharge an individual Debtor from any debt—
>
> \*     \*     \*     \*     \*     \*
>
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;
>
> \*     \*     \*     \*     \*     \*
>
> (6) for willful and malicious injury by the Debtor to another entity or to the property of another entity....

Specifically, plaintiff contends that the state court judgment resulting from Debtor's fraudulent breach of contract, conversion and punitive damages represents debts for fraud and for willful and malicious injury. Plaintiff requests application of collateral estoppel, preventing relitigation of the factual issues herein.

The standard to determine the applicability of collateral estoppel requires:

> that the precise issue in the later proceedings have been raised in the prior proceeding, that the issue was actually litigated, and that the determination was necessary to the outcome.

*Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir.1981) (citations omitted). The court further specified that

> [i]f a state court should determine factual issues using standards identical to those in dischargeability proceedings, then collateral estoppel—if held to be applicable and in the absence of countervailing statutory policy—would bar relitigation of those issues in the bankruptcy court.
>
> \*     \*     \*     \*     \*     \*

This court holds that where all the requirements of collateral estoppel are met, collateral estoppel should preclude relitigation of factual issues.

*Id.* at 227–28. *See also Combs v. Richardson*, 838 F.2d 112 (4th Cir.1988) (collateral estoppel applies to bar Debtor's relitigation in a dischargeability proceeding if an examination of the record of the earlier proceeding satisfies the bankruptcy court that the issue was raised and litigated and that resolution of the issue was necessary to the verdict in the prior case); *In re Pitner*, 696 F.2d 447 (6th Cir.1982) (collateral estoppel applies if the state court record reflects a finding that the issue of willful and malicious action on the part of the Debtor was litigated in the state court and was necessary to the state court decision); *In re McQueen*, 102 B.R. 120 (Bkrtcy.S.D.Ohio 1989) (collateral estoppel is to be given effect if the issue sought to be precluded is identical to the one in the prior action; the issue was actually litigated in the prior action; the prior determination resulted in a valid and final judgment; and the determination of facts for which preclusion is sought was necessary to the outcome).

At the outset, the court notes that pursuant to plaintiff's unrefuted allegation, Debtor appealed the state court judgment, which appeal was dismissed. Motion for Summary Judgment at 6. Thus, the state court judgment represents a valid and final judgment which may be granted preclusive effect.

> Federal bankruptcy law controls who is a fiduciary for purposes of § 523(a)(4). To be a fiduciary for dischargeability purposes, the Debtor must be a trustee either under an express or "technical" trust. The trust relationship must exist prior to the act creating the debt. State law is relevant in determining whether a trust relationship exists. State statutes may create a particular relationship by expressly imposing fiduciary obligations on a party.

*In re Snyder*, 101 B.R. 822, 831 (Bkrtcy.D. Mass.1989) (citing *In re Johnson*, 691 F.2d 249, 251–52 (6th Cir.1982) (decided under the Bankruptcy Act)). *See also In re Hultquist*, 101 B.R. 180 (9th Cir.B.A.P.1989) (fiduciary is given a narrow definition and only express or statutory trust falls within the scope of this section).

■ Upon review of the record herein, the court finds that the document establishing the relationship between plaintiff and Debtor did not impose a trust or fiduciary relationship upon Debtor. The court finds, then, that plaintiff is not entitled to judgment as a matter of law upon this issue.

■ Plaintiff also seeks to except the debt from discharge pursuant to § 523(a)(6). In order to determine the applicability of collateral estoppel to the instant adversary and the prior judgment obtained in state court, the court must review the standard for determining willful and malicious injury, excepting a debt from discharge. That is,

> [i]n order to fall within the exception for section 523(a)(6), the injury to an entity or property must have been willful and malicious. An injury to an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will. The word "willful" means "deliberate or intentional," a deliberate and intentional act which necessarily leads to injury.

*Perkins v. Scharffe*, 817 F.2d 392, 394 (6th Cir.1987) (citing 3 Collier on Bankruptcy 523–111 (15th ed. 1986)), *cert. denied*, 484 U.S. 853, 108 S.Ct. 156, 98 L.Ed.2d 112 (1987). *See also Wheeler v. Laudani*, 783 F.2d 610 (6th Cir.1986) (in following *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904), the sixth circuit stated that " 'malicious' means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm"); *In re Tinkham*, 59 B.R. 209, 14 B.C.D. 382, 15 C.B. C.2d 356 (Bkrtcy.D.N.H.1986) (to establish a ground for nondischargeability of a debt under § 523(a)(6), it must be proven that the Debtor engaged in deliberate acts which he knew were certain or substantially certain to result in injury; if this is established the debt will remain nondischargeable even though the resulting harm was not the "primary" purpose of the intentional acts); *Adams v. Adams*, 21 B.R. 301, 9 B.C.D. 318 (Bkrtcy.N.D.Ohio 1982)

(intent to do the wrongful act is sufficient and constitutes the willful part of the act (citation omitted)). In determining whether the debt in issue resulted from Debtor's willful acts, the court must find a "deliberate intentional act which necessarily leads to injury." *Perkins*, 817 F.2d at 394.

The tenth circuit in *In re Wallace*, 840 F.2d 762 (10th Cir.1988) stated that although plaintiff's state court complaint failed to state "embezzlement" it in essence alleged that Debtor fraudulently obtained money and converted it willfully. *Id.* at 765. Furthermore, the state court judgment collaterally estopped Debtor from relitigating that issue in the bankruptcy forum as the state court judgment reflected a full trial on the merits. *Id.* Additionally, a jury which determined the judgment in the state court action, has the

> unique value ... to weigh the testimony of witnesses and to resolve disputed questions of fact. In arriving at such factual determinations, a jury's findings have particular credibility and are entitled to great deference.

*Combs v. Richardson*, 838 F.2d at 115 (citation omitted).

■ Plaintiff's state court complaint contains seven counts, requesting judgment for willful conversion, punitive damages and attorney fees, totaling $39,086.50. Complaint at 5 and Exhibit A. The state court jury found that Debtor had converted goods of plaintiff. Complaint and Exhibit B.

> Conversion is any unauthorized act which deprives an owner of his property permanently or for an indefinite time.... An act of conversion is willful and malicious if it is done deliberately and intentionally, in knowing disregard of the rights of another.

*In re Valentine*, 104 B.R. 67, 70 (Bkrtcy.S. D.Ind.1988) (citations omitted). Debtor's act in conversion of goods was, obviously, deliberate and intentional. This act injured plaintiff, as found by the jury, in the amount of $11,250.00. *Id.* at 2.

> The causation linkage between the acts of [Debtor] and the damage suffered by

plaintiff as found by the [state] court clearly meets the standard that the damage "necessarily" followed [Debtor's] intentional act.

*In re Roeper*, 103 B.R. 898, 900 (Bkrtcy.S. D.Ohio 1989). Because this issue was raised in the state court proceeding, was actually litigated and tried to the jury and was necessary to the jury's verdict, this court finds that collateral estoppel prevents Debtor from relitigating this issue and that summary judgment of this issue is appropriate.

Debtor, in order to survive plaintiff's motion for summary judgment, must present evidence from which a jury might return a verdict in his favor, evidencing a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Because the state court action was tried to the jury, issues of fact have already been determined by the jury. The court finds that the judgment of $11,250.00 resulting from Debtor's conversion of goods should be excepted from discharge.

■ Although Debtor states that collateral estoppel is inapplicable for the reason that different standards of proof exist between the state and federal forums, the court finds this argument erroneous. The proper standard of proof for a § 523(a)(6) action is preponderance of the evidence; that used in the state court trial. *See In re Braen*, 900 F.2d 621 (3rd Cir.1990) (creditor claiming § 523(a)(6) must prove a malicious and willful injury by preponderance of the evidence; therefore, malicious prosecution suit in state court deserves preclusive effect in this case); *Roeper*, 103 B.R. at 901.

■ Additionally, the court finds that punitive damages and attorney fees flowing from the nondischargeable debt are also excepted from discharge. *In re Horowitz*, 103 B.R. 786, 790 (Bkrtcy.N.D.Miss. 1989); *Valentine*, 104 B.R. at 72. Although the court notes that there is authority to the contrary, it finds this conclusion persuasive. The jury awarded plaintiff $10,000 for punitive damages in conjunction with the conversion judgment. Com-

plaint and Exhibit B. The court finds that this amount should also be excepted from discharge. The court also allowed attorney fees in the amount of $7,836.50. *Id.* and Exhibit D. However, without further detail, this court is unable to allocate that portion attributable to the conversion judgment and that portion attributable to the other judgments awarded. In light of the foregoing, it is therefore

ORDERED that Debtor/defendant's motion to dismiss be, and it hereby is, denied. It is further

ORDERED that plaintiff's motion for summary judgment be, and it hereby is, granted in part excepting Debtor's debt to plaintiff in the amount of $21,250.00 from discharge. It is further

ORDERED that the remaining portion of plaintiff's motion for summary judgment be, and it hereby is, denied. It is further

ORDERED that a pretrial conference be held on the remaining issues presented in plaintiff's complaint on Wednesday, July 18, 1990 at 1:30 P.M. Courtroom No. 1, Room 103, U.S. Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.