**Columbus J. SOUTHERLAND, Jr., Appellant,**

v.

**William D. SMITH, et al., Appellees.**

**No. 91–1320–CIV–T–17(A).**

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 7, 1992.

Columbus J. Southerland, Jr., pro se.

Dawn A. Carapella, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, Tampa, Fla., for Richard F. Otonicar and Mildred G. Mullinax.

Charles C. Papy, Jr., Papy, Weissenborn & Papy, Coral Gables, Fla., for Edward L. Hartness.

John David Emmanuel, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, Fla., for Ann Southerland Laird.

## ORDER

KOVACHEVICH, District Judge.

The debtor appellant, Columbus J. Southerland (Southerland) filed a Chapter 13 action *pro se* in the Bankruptcy Court of the Middle District of Florida, Tampa Division. In the related adversary proceeding, Southerland named several defendants, including Ann Southerland Laird (Laird) his ex-wife, all of whom are Georgia citizens. Southerland's complaint alleged that the defendants conspired to deprive him of his property and mishandled his divorce case.

At the pre-trial conference before the Bankruptcy Court, Judge Baynes found that all the causes of action arose out of the appellant's divorce case that was a still pending action in Pickens County, Georgia. Specifically, the Bankruptcy Court stated that "[t]his adversary proceeding poses questions under Georgia Law concerning statutes of limitation and causes of action sounding in legal malpractice, tort and mandamus." Therefore, the court abstained from hearing the adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1) and (2).

Additionally, the Bankruptcy Court granted Laird's motion to dismiss the complaint on the grounds that the pleadings did not comply with the requirements of Rule 11 of the Federal Rules of Civil Procedure. From these rulings, Southerland appealed and Laird filed a motion to dismiss the appeal for lack of jurisdiction and for an extension of time to file her responsive brief.

I. Jurisdiction of District Court to hear appeal from Bankruptcy Court's dismissal of complaint.

Appellee Laird cited cases in her memorandum of law that do not apply in law or fact with the case at bar. Appellee relies on cases stating that when the bankruptcy action has been dismissed and is no longer pending in the bankruptcy court, the bankruptcy judge has discretion to dismiss the related adversary proceeding as well. Specifically, appellee cites *Kost v. Capital Corporation (In re Kost)*, 102 B.R. 834 (D.Wyo.1989). The appellee's cases such as *Kost* do not address whether the debtor may even have the chance to appeal from adverse rulings. For that reason, appellee's argument is unfounded as Southerland is appealing the bankruptcy court's rulings with regard to the entire case.

As to the dismissal of the complaint, it is clear that such qualifies as a final order that is appealable to the district court pursuant to 28 U.S.C. § 158(a). See also *Matter of Riggsby*, 745 F.2d 1153, 1154 (7th Cir.1984). Accordingly, Laird's motion to dismiss Southerland's appeal on this issue is denied.

II. Jurisdiction of District Court to hear appeal from Bankruptcy Court's abstention order.

Appellee next argues that the Bankruptcy Court's decision to abstain is not appealable to the district court as the abstention is pursuant to 28 U.S.C. § 1334(c)(1) and (2). That statute states:

(c)(1) Nothing in this section prevents a district court in the interest of justice or

in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 of arising in or related to a case under title 11. Subsection (c)(2) states "... Any decision to abstain or not to abstain made under this subsection is not reviewable by appeal or otherwise...."

Under this provision, the district court has the authority to review the decisions to abstain or not to abstain made by a bankruptcy court. The statute prohibits appellate review of abstention decisions made by the "district court." The statute in no way forbids the district court from reviewing abstention decisions made by the bankruptcy court. Much confusion surrounded this issue in the past and was clarified in *In re Corporacion de Servicios Medicos Hospitalarios de Fajardo*, 805 F.2d 440 (1st Cir. 1986), which set forth this reasoning. Therefore appellee's motion to dismiss the appeal on this ground is denied. Accordingly, it is

ORDERED that appellee's motion to dismiss the appeal from the bankruptcy court is denied and appellee shall have twenty (20) days from the date of this order within which to file a responsive brief.

DONE and ORDERED.