In˙re **PROFESSIONAL SUCCESS SEMINARS INTERNATIONAL, INC., Debtor.**

**Douglass E. WENDEL, Trustee, Plaintiff,**

v.

**GORDON ASSOCIATES ADVERTISING PUBLIC RELATIONS, INC., Defendant.**

**Bankruptcy No. 81–02095–BKC–TCB.**
**Adv. No. 82–0110–BKC–TCB–A.**

United States Bankruptcy Court,
S. D. Florida.

July 9, 1982.

---

Robert Levy, for defendant.

Gary Zwickel, Lake Worth, Fla., for debtor.

Margaret Cangilos, Miami, Fla., for trustee.

### ORDER PRESERVING JUDGMENT UNDER § 349(b)(1)(B)

THOMAS C. BRITTON, Bankruptcy Judge.

On December 17, 1981 a voluntary petition was filed under chapter 7 for this corporate debtor. It appeared regular on its face. The trustee sued successfully under 11 U.S.C. § 547(b) to avoid a preference, which had occurred on October 22 and, therefore, within 90 days before the voluntary petition. The trustee's judgment avoiding the preference was entered March 24, 1982 in adversary proceeding No. 82–0110. That judgment has become final.

On March 12, 1982 the debtor moved for dismissal of the voluntary proceeding on the ground that it had not been duly authorized by the corporate directors and was in fact the unauthorized act of a minority stockholder. The motion was granted and an order dismissing the voluntary petition was entered on April 6, 1982.

On April 21, the trustee moved for reconsideration of the order of dismissal entered 15 days earlier. After a continuance requested by the debtor, the motion was heard on June 29.

On May 10, the trustee filed a Supplement to Trustee's Motion for Reconsideration (C.P.No. 7 in No. 82–00658). This pleading, which was heard on June 29, requests an order under § 349(b)(1)(B) preserving his judgment avoiding the preference. That section provides in pertinent part:

> "Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title. (1) reinstates... (B) any transfer avoided under section...547...of this title...".

Since this Supplement would achieve the same result sought by the trustee in his motion for reconsideration, I consider that he has abandoned his earlier motion. If not, it is denied. B.R. 923; 11 Wright & Miller, *Federal Practice & Procedure:* §§ 2812, 2817, n.25.

However, I find that there is cause in this instance to preserve under § 349(b)(1)(B) the judgment avoiding the preference notwithstanding the dismissal of the voluntary bankruptcy proceeding. I base that conclusion on the following circumstances.

An attorney for two judgment creditors has testified that he was retained at about the time the voluntary proceeding was filed and that he would then have filed an involuntary proceeding had not the voluntary proceeding been filed. He promptly filed an involuntary proceeding against this corporate debtor (using the correct corporate name) on April 14, eight days after the entry of the order dismissing the voluntary proceeding. Case No. 82–00658. An order for relief has since been entered in the involuntary case and the original trustee has been reappointed.

Unless the judgment avoiding the preference is preserved under § 349(b)(1)(B), the preference (which occurred more than 90 days before the institution of the involuntary proceeding) would now be beyond the reach of the trustee and the creditors. § 547(b)(4). Had the two judgment creditors not relied on the voluntary petition, they could have and would have moved in time to avoid the preference. Their re-

liance on the voluntary petition was entirely reasonable. It is clearly in the interest of justice, therefore, that the judgment avoiding the preference be preserved notwithstanding the dismissal of the voluntary proceeding. I find cause, therefore, to preserve the judgment under these circumstances.

■ To restrict the exercise of the discretion provided by § 349(b) to the ten days provided for reconsidering the order of dismissal, as the debtor argues, exceeds the scope of B.R. 923 and unduly restricts the express statutory option provided by § 349(b). There is no provision in the Code nor in any rule which limits the time within which this discretion may be exercised other than the "reasonable time" provided by B.R. 924. 11 Wright & Miller, *Federal Practice & Procedure:* §§ 2866, 2869. See *Snowden v. D. C. Transit System, Inc.,* C.A. 1972, 454 F.2d 1047, 1048, n. 4.

To avoid any confusion that might result from the fact that the papers pertinent to this order may be found in three separate files, I direct that copies of this order be docketed in and filed in Case No. 81–02095 and 82–00658 as well as the pertinent Adversary Proceeding No. 82–0110.