In re ROMA GROUP, INC., Debtor.

In re ENCA INDUSTRIES, LTD., Debtor.

ROMA GROUP, INC. and Enca Industries, Ltd., Plaintiffs,

v.

MICHAEL ANTHONY JEWELERS, INC., Defendant.

Bankruptcy Nos. 90–B– 21062, 90 B 21074.

No. 91 Adv. 6019.

United States Bankruptcy Court, S.D. New York.

March 10, 1992.

Luskin & Stern, New York City, for Michael Anthony Jewelers, Inc.

Ober, Kaler, Grimes & Shriver, New York City, for debtors.

## DECISION ON MOTION FOR AN ORDER RETAINING JURISDICTION OVER ADVERSARY PROCEEDING

### HOWARD SCHWARTZBERG, Bankruptcy Judge.

Michael Anthony Jewelers, Inc. ("Michael Anthony"), the holder of a secured claim of over $2 million against the Chapter 11 debtors, Roma Group, Inc. ("Roma") and Enca Industries, Ltd. ("Enca"), has moved for an order pursuant to 11 U.S.C. § 349 retaining jurisdiction of a pending adversary proceeding notwithstanding this court's dismissal of the Chapter 11 cases in accordance with 11 U.S.C. § 1112(b).

### BACKGROUND

On October 4, 1990, Michael Anthony took peaceful possession of the debtors' factory pursuant to various written agreements with the debtors. A public sale of the debtors' machinery and equipment was rescheduled for November 2, 1990.

On October 24 and 25, 1990, Roma and Enca, respectively, filed petitions for reorganizational relief under Chapter 11 of the Bankruptcy Code and continued as debtors in accordance with 11 U.S.C. §§ 1107 and 1108.

By motion dated October 31, 1990, Michael Anthony moved for an order granting relief from the automatic stay or, alternatively, dismissing the debtors' petitions. The motion was resolved by stipulation which provided that the automatic stay would expire on December 3, 1990, unless the debtors obtained additional working capital and provided Michael Anthony with adequate protection. After the automatic stay expired on December 3, 1990, Michael Anthony noticed a foreclosure sale of its collateral.

On January 25, 1991, the debtors commenced an adversary proceeding against Michael Anthony seeking (a) a declaratory judgment equitably subordinating Michael Anthony's claim to all the other allowed claims and transferring the liens securing the subordinated claim to the estate; (b) monetary damages for Michael Anthony's alleged breach of its fiduciary obligations of good faith and fair dealing; (c) money damages for Michael Anthony's alleged tortious interference with the debtor's contractual relations and business opportunities; (d) an injunction prohibiting Michael Anthony from selling or otherwise disposing of the debtor's property; (e) an order vacating the stipulation with respect to the expiration of the automatic stay; and (f) a declaratory judgment directing Michael Anthony to return the collateral to the debtors.

Thereafter, the parties entered into a stipulation which provided, among other things, a preliminary injunction enjoining Michael Anthony from disposing of the debtors' business and property pending a determination of the adversary proceeding and providing for expedited discovery.

The parties agreed upon a discovery schedule. Documents were inspected and exchanged and witnesses were deposed. After discovery was completed, the trial commenced on January 16, January 31, February 4 and February 5, 1992. The trial was scheduled to resume on February 25, 1992.

During the pendency of the adversary proceeding, the United States trustee moved to dismiss or convert the debtors' Chapter 11 cases under 11 U.S.C. § 1112(b) because the debtors had failed to file Chapter 11 plans or operating reports. There were no operating reports as the debtors had no operations to report because Michael Anthony was in possession of the debtors' plant and equipment. Thus, the debtors owned no property, had no businesses, no employees and no assets other than the causes of action asserted in their adversary proceeding. The debtors were corporations in name only. The parties consented to an adjournment of the United States trustee's motion, which this court refused to accept because there then existed no businesses to rehabilitate. Accordingly, the court granted the United States trustee's motion and dismissed the Chapter

11 cases pursuant to an order dated February 14, 1992.

Michael Anthony contends that the dismissal of the debtors' Chapter 11 cases leaves the debtors' adversary proceeding in limbo and raises doubt as to the continued efficacy of the preliminary injunction which enjoined Michael Anthony from disposing of the debtors' business and property. Michael Anthony reasons that it would be a waste of judicial resources and unfair to require the nonbankruptcy issues to be relitigated in state court. Accordingly, Michael Anthony requests that the court retain jurisdiction of the adversary proceeding for reasons of judicial economy, fairness and convenience, despite the dismissal of the Chapter 11 cases.

## DISCUSSION

 The issue to be resolved is whether or not a bankruptcy court may retain jurisdiction of an adversary proceeding related to two Chapter 11 cases after the underlying bankruptcy cases were dismissed. The dismissal of a bankruptcy case generally results in the dismissal of related proceedings because the bankruptcy court's jurisdiction is bottomed on the nexus between the underlying bankruptcy case and the related proceedings. *Un–Common Carrier Corp. v. Oglesby*, 98 B.R. 751 (S.D.Miss.1989); *In re Tim Wargo & Sons, Inc.*, 107 B.R. 626 (Bankr.E.D.Ark. 1989). However, dismissal of the pending adversary proceeding is not absolutely mandated by the dismissal of the underlying bankruptcy case. Reference must be had to 11 U.S.C. § 349, which governs the effect of a dismissal and provides that "[u]nless the court, for cause, orders otherwise," the dismissal of a bankruptcy case (a) does not bar a discharge; (b) reinstates certain proceedings, avoided transfers and liens; (c) vacates orders and reinvests the property to the prebankruptcy entity in which such property was vested. 11 U.S.C. § 349. Thus, § 349 empowers the court to issue orders which may alter the normal effects of the dismissal of a bankruptcy case if cause is shown.

 There is no question that the dismissal of the debtors' Chapter 11 cases also carries with it the dismissal of the debtors' cause of action for equitable subordination of Michael Anthony's claims because the issue of bankruptcy claims disappears with the bankruptcy cases. However, the claims for money damages and an injunction relate to the bankruptcy cases but do not arise in or under the title 11 cases. If these related causes of action are not resolved in the bankruptcy court where they were originally commenced they will have to be resolved in state court because there is no diversity jurisdiction in this case to support a federal suit.

In a recent Eleventh Circuit case, the lower court's discretionary retention of related claims in an adversary proceeding following the dismissal of the underlying Chapter 11 case was sustained for reasons of judicial economy and fairness and convenience to the litigants. *Fidelity & Deposit Co. of Maryland v. Morris (In re Morris)*, 950 F.2d 1531 (11th Cir.1992). In the *Morris* case, the trial of the adversary proceeding had not yet commenced when the Chapter 11 case was dismissed. In the instant case, the parties have already expended four trial days and are more than halfway towards completion. At the other end of the spectrum, an adversary proceeding involving related claims was fully tried before the Chapter 11 case was dismissed in *In re Stardust Inn, Inc.*, 70 B.R. 888 (Bankr.E.D.Pa.1987). The court drew upon an analogy to the disposition of ancillary and pendent claims in the district court and concluded that "[e]ven though the federal claims may have been dismissed prior to trial, the district court is not required to dismiss the state law claims...." *Id.* at 890 (citations omitted).

Similarly, in *In re Lake Tahoe Land Co., Inc.*, 12 B.R. 479 (Bankr.D.Nev.1981), a related claim in an adversary proceeding was retained after the dismissal of the Chapter 11 case because the statute of limitations had run. The plaintiff would have been prejudiced if the court did not retain jurisdiction of the related claim. The concepts of judicial economy and fairness have also been applied under 11 U.S.C. § 349 to re-

tain bankruptcy jurisdiction over related claims following the dismissal of Chapter 13 cases. *In re Smith*, 866 F.2d 576 (3d Cir.1989); *In re Pocklington*, 21 B.R. 199 (Bankr.S.D.Cal.1982).

In light of the fact the debtor is the plaintiff in the adversary proceeding and has chosen the bankruptcy court as the forum for resolving its claims against Michael Anthony, there is every reason to complete the unfinished trial, especially because the defendant, Michael Anthony, wishes to complete the litigation. It would be a waste of judicial time to direct the parties to start all over again in state court. Moreover, it would be unfair to compel the defendant, Michael Anthony, to incur additional legal fees and expenses for a new state court action without any fault on its part. This court had jurisdiction under 28 U.S.C. § 1334 to entertain the adversary proceeding when it was commenced by the debtors before their Chapter 11 cases were dismissed. That jurisdiction should not be lost because the debtors were in no position to pursue their Chapter 11 cases. Accordingly, 11 U.S.C. § 349 empowers the court, in the exercise of its discretion, to retain jurisdiction over the debtors' adversary proceedings so as to permit the pending trial to proceed to a completion in the interests of judicial economy, fairness and convenience to the litigants. *In re Morris*, 950 F.2d at 1535.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. The court's jurisdiction over the debtors' adversary proceeding against Michael Anthony was not lost after the underlying Chapter 11 cases were dismissed.

3. Pursuant to 11 U.S.C. § 349, the court, in the exercise of its discretion, will retain jurisdiction over the debtors' adversary proceeding against Michael Anthony in the interests of judicial economy, fairness and convenience to the litigants. The trial will resume and will continue until completed.