**In re ROMA GROUP, INC., Debtor.**

**In re ENCA INDUSTRIES, LTD., Debtor.**

**ROMA GROUP, INC. and Enca Industries, Inc., Appellants,**

**v.**

**OFFICE OF the UNITED STATES TRUSTEE, SOUTHERN DISTRICT OF NEW YORK, Appellee.**

**Bankruptcy No. 90 B 21062 (HS).**
**No. 92 Civ. 3834 (VLB).**

United States District Court,
S.D. New York.

April 14, 1993.

Aaron R. Cahn, Howard S. Roitman, Ober, Kaler, Grimes & Shriver, New York City, for debtors/appellants.

Douglas Walter, Office of the U.S. Trustee, S.D.N.Y., New York City, for appellee.

**MEMORANDUM ORDER**

VINCENT L. BRODERICK, District Judge.

**I**

This is an appeal from a dismissal of two procedurally consolidated and jointly ad-

ministered bankruptcy cases. Roma Group, Inc. ("Roma") and Enca Industries, Ltd. ("Enca"), its affiliate, filed petitions for reorganizational relief under Chapter 11 of the Bankruptcy Code, 11 USC § 1101 *et. seq.*, on October 24 and 25, 1990, and continued as debtors pursuant to 11 USC §§ 1107 and 1108. I defer decision on the merits of the appeal and deny debtors' counsel's motion to withdraw.

Upon motion by the United States trustee to dismiss or convert the debtors' Chapter 11 cases under 11 USC § 1112(b) because the debtors had failed to file Chapter 11 plans or operating reports, the United States Bankruptcy Court Judge Howard Schwartzberg dismissed the bankruptcy cases by order dated February 14, 1992.

The debtors failed to file operating reports because the debtors owned no property and had no businesses, no employees and no assets. A creditor, Michael Anthony Jewelers, Inc. ("Michael Anthony"), was in possession of the debtors' plant and equipment. See *Roma Group and Enca Industries v. Michael Anthony Jewelers, Inc. (In re Roma/Enca)*, 137 B.R. 148 (Bkrtcy.S.D.N.Y.1992).

Notwithstanding its dismissal of the debtors' Chapter 11 petitions, the bankruptcy court determined that it could exercise discretion pursuant to 11 USC § 349 and retain jurisdiction over the pending adversary proceeding by the debtors against Michael Anthony for money damages and injunctive relief. See *Roma*, 137 B.R. at 151. The decision subsequently rendered in the adversary proceeding by the bankruptcy court was appealed and is before Judge Gerard L. Goettel of this court, 92 Civ. 7604 (GLG).

Because the outcome of the appeal pending before Judge Goettel will determine whether this is a no-asset bankruptcy, I am placing the present appeal on my suspense calendar. The debtors are directed to notify me when Judge Goettel renders his decision in 92 Civ. 7604.

## II

The bankruptcy court's dismissal of the debtors' Chapter 11 petitions was signed on February 14, 1992 and the notice of appeal now before me was filed that same month. On May 28, 1992, the debtors filed a designation of record but did not transmit a transcript of any proceedings. The transcript of the hearing on the dismissal was ordered in February 1992 but on October 13, 1992, appellants' counsel cancelled the request, which the transcriber had apparently not yet begun to implement because no fees had yet been tendered.

Appellants' counsel has not sought an extension of any deadlines, has not filed any brief, and has not applied to proceed in any other manner, such as that suggested by Fed.R.App.P. 10(c). Appellate Rule 10(c) permits an appellant, where a transcript is unavailable, to prepare a statement of the evidence or proceedings from best available means, including appellant's recollection. The statement must be served on the appellee, objections can be made, and the district court from which appeal is made must settle and approve it. Where the district court serves as an appellate court for bankruptcy appeals, such procedure may be available to a bankruptcy appellant in the district court in a proper case.

The Bankruptcy Rules governing appeals to district courts do not expressly contain a counterpart of Fed.R.App.P. 10(c), but Bankruptcy Rule 8019 provides:

> In the interest of expediting decision or for other good cause, the district court ... may suspend the requirements or provisions of the rules in Part VIII [concerning appeals, with exceptions not relevant here], and may order proceedings in accordance with its direction.

This Rule is the counterpart of Fed. R.App.P. 2 which contains similar provisions.

> Bankruptcy Rule 1001, sentence 3 states:
> These rules shall be construed to secure the expeditious and economical administration of every case under the Code and the just, speedy and inexpensive determination of every proceeding therein.

Rule 1001, the bankruptcy counterpart of Fed.R.Civ.P. 1, sentence 2, and Bankruptcy

Rule 8019 indicate that other rules dealing with the same problem and traditional legal concepts may be utilized as sources of reasoning where relevant. See generally Stone, "The Common Law in the United States," 50 Harv.L.Rev. 4, 12–18 (1936).

Tradition supports the inference to be drawn from Appellate Rule 10(c) that absence of a transcript should not be fatal, especially where the underlying facts relevant to an appeal may be undisputed. In the first Judiciary Act, 1 Stat. 78, 83 (1789), § 19 provided that the courts should cause

> facts on which they found their sentence or decree, fully to appear upon the record either from the pleadings or decree itself, or a statement of the case agreed by the parties or their counsel, or if they disagree, by a statement of the case by the court.

See generally *Depositors Trust Co. v. Hudson General Corp.*, 485 F.Supp. 1355 (E.D.N.Y.1980) (narrative of undisputed facts).

Despite failure to pursue available avenues for relief not requiring ability to pay for a transcript, appellants' counsel now seeks relief from its representation as counsel to the appellant-debtors in the appeal before me on the grounds that the debtor corporations owed their attorneys over $70,000 in legal fees as of September 30, 1992.

■ Even in the absence of objection from appellee,[1] a corporation cannot appear *pro se* absent special circumstances on this or other grounds. See *Dow Chemical Pacific Ltd. v. Rascator Maritime, S.A.*, 782 F.2d 329, 336 (2d Cir.1986); *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 22 (2d Cir.1983); *Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir.1967); *Brandstein v. White Lamps*, 20 F.Supp. 369, 370 (S.D.N.Y.1937); see also N.Y.Civ.Prac.L. & R. § 321 (McKinney 1990). Applying this principle here does not threaten to deny access to the courts to an involuntary litigant seeking to defend itself, such as a small corporate defendant unable to afford counsel or an involuntary bankrupt in straitened circumstances.

■ One adopting a corporate form must accept the consequences which go with it. These include the duty to be amenable to litigation without the inconvenience caused to courts and adversaries by the necessity to deal in such litigation with representatives of the corporation unfamiliar with legal procedure. A legal structure chosen for doing business may be questioned or its veil sought to be pierced by others who claim to have been put at an improper disadvantage by the way it is used. See, e.g., *Lowen v. Tower Asset Management*, 653 F.Supp. 1542 (S.D.N.Y.), *aff'd* 829 F.2d 1209 (2d Cir.1987); 1 W. Fletcher, *Cyclopedia of Corporations* § 44 (rev. perm. ed. 1983). But one who chooses a legal structure for doing business will normally be barred from seeking to circumvent the legal implications of that choice. *United States for Use and Benefit of R.I.M. Plumbing, Inc. v. Freedom Plumbing & Heating*, 802 F.Supp. 1013 (S.D.N.Y. 1992).

Exceptions to the rule that corporations may not appear *pro se* have been recognized where the corporation is a defendant in a small claims case, N.Y.L.1985, ch. 154, amending § 1809(2) of the various Small Claims Acts in New York, e.g., the New York City Civil Court Act, and where a limited number of small debt collection suits are brought in a special Commercial Claims Part, article 18–A of the parallel state Court Acts. This type of circumstance does not obtain here.

Neither present counsel for the debtors nor its clients have suggested that other counsel is or may be forthcoming. For the reasons given above and those set forth by Judge Goettel in his memorandum decision dated November 20, 1992 in 92 Civ. 7604, and with recognition of the difficult position in which appellants' counsel finds it-

---

**1.** Michael Anthony, appellee in 92 Civ. 7604 (GLG), submitted objections to appellant counsel's motion in the case now before me, 92 Civ. 3843 (VLB). But, not being party to the present appeal, Michael Anthony has withdrawn its objections. Appellee United States Trustee has not responded to the motion.

self, I deny the motion to withdraw as counsel in the present appeal without prejudice to a new application after this case is reactivated and appropriate circumstances exist for relief of corporate counsel.

**SO ORDERED.**