In re Frederic Mark MOSELEY, Beverly Ann Moseley, Debtors.

UNITED STATES of America, Plaintiff,

v.

Frederic Mark MOSELEY and City National Bank, Defendants.

NORTHEAST TEXAS FARMERS CO–OP, Plaintiff,

v.

Frederic M. MOSELEY and Beverly A. Moseley, Defendants.

Bankruptcy No. 92–31210–S.
Adv. Nos. A–93–3081, A–93–3097.

United States Bankruptcy Court,
E.D. Texas,
Paris Division.

Nov. 29, 1993.

Tom Kopf, Asst. U.S. Atty., Tyler, TX, for U.S. on behalf of its agency Farmers Home Admin.

James Litzler, McLeroy & Litzner, Sulpher Springs, TX, for Northeast Texas Farmers Co-op.

George Lemon, Hawkins, TX, for debtors.

### . *OPINION*

DONALD R. SHARP, Bankruptcy Judge.

Comes now before the Court the two above-styled and referenced adversary proceedings for status conference hearing pursuant to regular setting in Plano, Texas. During the status conference hearing it became evident that the underlying bankruptcy case filed by Frederic M. and Beverly A. Moseley ("Debtors") had earlier been dismissed. The issue which confronts this Court is the propriety of continuing the adjudication of these adversary proceedings in view of the dismissal of the Debtors' underlying bankruptcy case. This opinion constitutes findings of fact and conclusions of law in accordance with Fed.R.Bankr.P. 7052 and disposes of all issues before the Court.

### *FACTUAL AND PROCEDURAL BACKGROUND*

Debtors filed for relief under chapter 7 of the Code on October 29, 1992. On October 1, 1993, Debtors voluntarily dismissed their case. In the interim, two unrelated adversary proceedings were commenced. The first, adversary proceeding A–93–3081, styled *United States of America v. Frederic Mark Moseley and City National Bank,* was filed on June 1, 1993. This adversary proceeding presents two issues. The first issue is a priority dispute between the United States, through its agency the Farmers Home Administration, and City National Bank (CNB) over proceeds from the sale of specific property of Debtors in which both the United States and CNB claim security interests. The second issue is the United States' attempt to except any indebtedness to it from discharge pursuant to 11 U.S.C. § 523(a)(6).

The second case, adversary proceeding A–93–3097, styled *Northeast Texas Farmers Co-op v. Frederic M. Moseley and Beverly A. Moseley*, was filed on July 20, 1993. Through this action, Northeast Texas Farmers Co-op, ("Northeast"), a judgment creditor, alleges that Debtors have intentionally failed to list on their schedules the transfer of certain real property which occurred within one year of the date of the filing of Debtors' petition. Northeast seeks to obtain a denial of Debtors' discharge in bankruptcy pursuant to § 727(a)(2)(A).

In adversary proceeding A–93–3081, the United States of America through its agency the Farmers Home Administration, urges the Court to proceed with adjudication of the adversary proceeding to determine the question of the dischargeability of Frederic Mark Moseley's debt in the event of a future bankruptcy and determine the lien priorities between it and CNB since both parties are before the Court and the pleadings have placed that question at issue. In adversary proceeding A–93–3097, Northeast urges the Court to continue with the adjudication of that adversary proceeding to determine whether Debtors are entitled to a discharge at all in the event of a future bankruptcy proceeding.

■ This is not a novel issue in the case law and has been addressed by numerous written opinions. Generally, it is accepted that the dismissal of an underlying bankruptcy case should usually result in the dismissal of all related adversary proceedings; however, this result is not mandatory and for good cause shown the presiding court is vested with discretion to retain the adversary proceeding in the interest of justice. *In re Carraher*, 971 F.2d 327, 328 (9th Cir.1992); *In re Morris*, 950 F.2d 1531, 1534 (11th Cir.1992); *In re Ravick Corp.*, 106 B.R. 834, 851 n. 5 (Bankr.D.N.J.1989); *Un–Common Carrier Corp. v. Oglesby*, 98 B.R. 751, 753 (S.D.Miss.1989). Some of the factors mentioned as bearing on the court's ultimate decision to retain or dismiss a related adversary proceeding include "judicial economy, fairness and convenience to the parties and the degree of difficulty of the state law issues involved." *In re Stardust Inn, Inc.*, 70 B.R.

888, 891 (Bankr.E.D.Pa.1987). In *Stardust*, the court retained jurisdiction of an adversary proceeding which had already been tried, involved no unsettled issues of state law, and had earlier received the consent of all the parties for the court to enter a final, binding order. *Id.* Another reason supporting the retention of jurisdiction is to avoid extreme prejudice to a party by dismissal. *Carraher*, 971 F.2d at 328 (proceedings had dragged on for six years in bankruptcy court); *Morris*, 950 F.2d at 1535 (proceedings had already taken four years and was ready for trial); *In re Roma Group, Inc.*, 137 B.R. 148, 151 (proceeding was in the fourth day of trial when the underlying bankruptcy case was dismissed). Finally, dismissal would be inappropriate if it resulted in leaving a party without an adequate remedy at law, for example by eliminating recourse to a state law cause of action based on the statute of limitations.

■ None of these factors is implicated in the instant cases. Both of these cases have been pending for less than six months. There has been little or no discovery conducted and a trial date has not been set. Unlike the cases previously cited, this Court can discern no measurable prejudice which would result from the dismissal of either adversary proceeding.

In addition, the present posture of both cases mitigates in favor of dismissal. As a result of the voluntary dismissal of Debtors' underlying case, the issue of the dischargeability of a specific debt in adversary proceeding A–93–3081 and the issue of the discharge in general in adversary proceeding A–93–3097 is rendered moot. Due to the dismissal of Debtors' underlying case, there is no longer any discharge from which a debt can be excepted nor is there a discharge to be denied. The Court can understand both creditors' desires to proceed with an adjudication of these issues at this point, but the Court is aware of no authority which would make such an adjudication appropriate. It is simply not a justiciable issue unless there is a discharge to deny or a discharge from which to be excepted. With the discharge issue moot adversary proceeding A–93–3081 is now a dispute between two creditors who each

385

assert a security interest in the proceeds of the same collateral. Not only is such a resolution entirely a proposition of state law but no reason is apparent why the bankruptcy court's jurisdiction should be invoked to settle a dispute between nondebtor parties with adequate remedies at law.

For the foregoing reasons the Court finds that adversary proceedings A–93–3081 and A–93–3097 should be dismissed.