In re ROMA GROUP, INC., Debtor.

In re ENCA INDUSTRIES, LTD., Debtor.

ROMA GROUP, INC. and Enca Industries, Inc., Appellants,

v.

OFFICE OF the UNITED STATES TRUSTEE, SOUTHERN DISTRICT OF NEW YORK, Appellee.

No. 90 B 21062 (HS).
No. 92 Civ. 3834 (VLB).

United States District Court, S.D. New York.

April 7, 1994.

Aaron R. Cahn and Howard S. Roitman, Ober, Kaler, Grimes & Shriver, New York City, for debtors/appellants.

Douglas Walter, Office of the U.S. Trustee, S.D.N.Y., New York City, for appellee.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

In this appeal from a dismissal of two procedurally consolidated and jointly administered Chapter 11 bankruptcy cases, decision on the merits of the appeal was deferred by memorandum order dated April 14, 1993 (the "April 14 memorandum order"), reported at 153 B.R. 18 (S.D.N.Y.1993). Pending at that time was determination of a separate appeal by Roma Group, Inc. and Enca Industries, Ltd. ("Enca"), its affiliate (the "appellants" or the "debtors") of the Bankruptcy Court's dismissal of an adversary proceeding relating to the debtors' sole creditor (the "creditor"). On April 16, 1993 United States District Judge Gerard L. Goettel dismissed that appeal with prejudice, with the result that no assets were left in the Chapter 11 estates.

The April 14 memorandum order is incorporated by reference and the decision of United States Bankruptcy Judge Howard Schwartzberg dismissing these cases under chapter 11 and permitting the trustee to convert these cases to cases under Chapter 7 should the debtors fail to comply with the terms of the order of dismissal, is affirmed on the merits.

### II

Appellants filed petitions for reorganization relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 et seq., on October 24 and 25, 1990, and continued as debtors pursuant to 11 U.S.C. §§ 1107 and 1108. Upon motion by the United States Trustee to dismiss or convert the debtors' Chapter 11 cases under 11 U.S.C. § 1112(b) because the debtors had failed among other things to file Chapter 11 reorganization plans, monthly operating reports, or disclosure statements, Judge Schwartzberg dismissed the bankruptcy cases by order dated February 14, 1992.

The debtors' failure to comply with the Chapter 11 filing and other requirements was attributable largely to the debtors' circumstances. The sole creditor was in possession of the debtors' plant and equipment.

Thus, the debtors had no property, no businesses, no employees and no assets other than the causes of action asserted in their adversary proceeding. Roma Group and Enca Industries v. Michael Anthony Jewelers, Inc. v. Michael Anthony Jewelers, Inc. (In re Roma/Enca), 137 B.R. 148, 149 (S.D.N.Y.1992), appeal dismissed 92 Civ. 7604 (GLG) (Memorandum Decision, April 16, 1993).

Notwithstanding its dismissal of the debtors' Chapter 11 petitions, the Bankruptcy Court determined that it could exercise discretion pursuant to 11 U.S.C. § 349 to retain jurisdiction over the pending adversary proceeding by the debtors against the sole creditor, and dismissed the debtors' case on the merits. See id. Judge Goettel dismissed the appeal for failure to prosecute, with the result that there are no assets in the debtors' estates.

### III

■ Where debtors fail to perform their obligations, they may not use Chapter 11 "to prolong control of an insolvent enterprise where no benefit to the public or creditors is plausible." In re Hi–Toc Development Corp., 159 B.R. 691, 693 (S.D.N.Y.1993). 11 U.S.C. § 1112(b) provides as one basis for dismissal for cause under Chapter 11 "inability to effectuate a plan," id. at (b)(2). Lack of assets, as is the case here, makes it unlikely that an effective plan of rehabilitation as required under chapter 11 could be formed or filed and supports dismissal of the Chapter 11 case. In re Preferred Door Co., Inc., 990 F.2d 547 (10th Cir.1993), citing Hall v. Vance, 887 F.2d 1041 (10th Cir.1989); In re Ellison Associates, 63 B.R. 756 (S.D.N.Y. 1983); Matter of Imperial Heights Apartments, Ltd., 18 B.R. 858 (Bankr.S.D.Ohio 1982).

■ The failure to file monthly operating statements as required by the Local Rules of the Bankruptcy Court and the United States Trustee's Operating Guidelines, whether based on inability to do so or otherwise, undermines the Chapter 11 process and constitutes cause for dismissal or conversion of Chapter 11 proceedings. In re Berryhill, 127 B.R. 427, 433 (Bankr.N.D.Ind.1991); In re Cohoes Indus. Terminal, Inc., 65 B.R. 918 (Bankr.S.D.N.Y.1986).

There being no dispute that appellants had notice and a hearing as to the Trustee's motion, see 11 U.S.C. § 1112(b), the Bankruptcy Court had discretion under the circumstances to conclude that sufficient cause existed to dismiss this Chapter 11 case or permit the Trustee to convert it for liquidation under Chapter 7.

### IV

The Bankruptcy Judge's decision is affirmed on the merits. Were this not appropriate, the appeal would be dismissed for failure to prosecute. As discussed more fully in the April 14 memorandum order, appellants have not perfected their appeal. Appellants were at the time of the prior ruling and continue to be in default of their procedural obligations as bankruptcy appellants, having failed to file either a transcript or other version of any proceedings before the Bankruptcy Court, or a brief pursuant to Fed.R.Bankr.P. 8009(a). Accordingly dismissal for failure to prosecute would be justified under Fed.R.Bankr.P. 8001(a); see *In re Tampa Chain Co., Inc.*, 835 F.2d 54, 55 (2d Cir.1987).

**SO ORDERED.**