**In re James G. DAVISON, III, d/b/a Davison Farms, p/d/b/a Davison Dairy, and Judy S. Davison, Debtors.**

Bankruptcy No. 93–00106.

United States Bankruptcy Court,
N.D. Florida,
Gainesville Division.

Sept. 6, 1995.

Robert Altman, Palatka, FL, for debtors.

Walter Kelley, Trustee, Alabany, GA.

*ORDER ON TRUSTEE'S MOTION
TO RETAIN JURISDICTION*

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This matter came before the court on the trustee's motion to retain jurisdiction over the adversary proceedings of Kelley v. Byrd, Adv.Proc. No. 95–90012, and Kelley v. Simmons, Adv.Proc. No. 95–90013, after the administrative case was dismissed. A hearing was held, and arguments of counsel were considered.

The Debtors filed their chapter 12 case on April 19, 1993. The trustee, Walter Kelley, filed complaints against Defendants Byrd and Simmons to recover alleged preferential transfers on April 17, 1995. The case against Simmons proceeded to a default judgment. The other adversary proceeding progressed midway through discovery before the underlying bankruptcy case was dismissed. At a hearing on June 14, 1995, the Trustee moved to dismiss the above chapter 12 case, and his motion was granted. The trustee was aware of the existence of the pending adversary proceedings, but did not request the court to retain jurisdiction over them. The trustee has now asked the court to retain jurisdiction over the adversary proceedings. To the extent necessary, I will considered this case reopened for the purpose of resolving these issues.

Both Plaintiffs and Defendants have cited the Eleventh Circuit case of *In re Morris* as controlling precedent. *Fidelity & Deposit Co. of Md. v. Morris (In re Morris)*, 950 F.2d 1531 (11th Cir.1992). In *Morris*, the Court of Appeals analyzed "whether a federal court may retain jurisdiction of an

adversary proceeding related to a bankruptcy case after the underlying bankruptcy case is dismissed." *Id.* at 1533. The Eleventh Circuit recognized the general rule that "dismissal of a bankruptcy case normally results in the dismissal of related proceedings." *Id.* However, for adversary proceedings that are "related to" the underlying bankruptcy case, jurisdiction is not automatically stripped from a federal court. The court may examine the degree of difficulty of the related legal issues, the fairness and convenience to litigants, and the interests of judicial economy in deciding whether to retain jurisdiction. *Id.* at 1535.

■ What the Eleventh Circuit did not directly address was the possible disposition of proceedings "arising in" or "arising under" title 11. One court has applied the same discretionary standard to the dismissal of a nondischargeability proceeding. *See U.S. v. Moseley (In re Moseley)*, 161 B.R. 382, 384 (Bankr.E.D.Tex.1993). In *Moseley*, the United States and a judgment creditor wished to proceed with a dischargeability proceeding after the case had been voluntarily dismissed, to establish the issue for any future bankruptcy case. *Id.* The court examined the factors outlined by the Eleventh Circuit, but could find "no authority which would make such an adjudication appropriate."[1] *Id.* Both Plaintiffs and Defendants have asserted the application of these factors, in my discretion, to decide whether or not to retain jurisdiction over these adversaries. However, the law does not permit the use of discretion when an adversary proceeding depends upon the bankruptcy case for its existence.

This distinction was recognized in *Roma Group v. Michael Anthony Jewelers (In re Roma Group)*, 137 B.R. 148 (Bankr.S.D.N.Y. 1992). The court held that it had discretion to retain an action for money damages re-

sulting from an alleged tortious interference with the debtor's contracts—a claim "related to" the dismissed chapter 11. *Id.* at 150–51. Nevertheless, the court held that the debtor's cause of action for equitable subordination of a claim disappeared with the dismissal of the underlying bankruptcy case. *Id.* at 150.

■ Like an action for equitable subordination of a claim, a preference action is a type of action brought within the context of a bankruptcy case. An action for the recovery of a preference must similarly disappear with the dismissal of the underlying bankruptcy case. Such a result is based less on jurisdictional concerns than it is on the cause of action simply ceasing to exist without the framework of the bankruptcy case to support it. This conclusion is in accord with the general policy statement behind the Eleventh Circuit's general rule. *Morris*, 950 F.2d at 1534 ("dismissal of a bankruptcy case normally results in the dismissal of related proceedings because federal jurisdiction is premised upon the nexus between the underlying bankruptcy case and the related proceedings") (*citing In re Smith*, 866 F.2d 576, 580 (3d Cir.1989)).

One court has disagreed with automatic dismissal in this area. *Gagel v. Kingston–Greene Partners, Ltd. (In re GWF Inv., Ltd.)*, 85 B.R. 771 (Bankr.S.D.Ohio 1988). *GWF* asserts that proceedings "arising under" title 11 involve those where a party is "claiming a right or remedy created by one of the specific sections of title 11." *Id.* at 775. *GWF* then suggests that "even after a bankruptcy case is closed, bankruptcy court jurisdiction continues to exist to hear matters involving claims made *under* a provision of title 11 ..." *Id.* at 779 (Emphasis in original). The holding is supposedly derived from the clear intent of congress. *Id.* at 780. While this conclusion may be suspect[2], I find

---

1. The court did recognize that dismissal of the underlying bankruptcy case would render the dischargeability issue moot, but held that the procedural posture of the case was merely a factor that mitigated in favor of dismissal. *Moseley*, 161 B.R. at 384.

2. *GWF* relies heavily on legislative history to support their conclusions. However, the *GWF*

court itself pointed out the key weakness in its own argument:

> One of the fundamental difficulties in attempting to categorize a proceeding as "arising under," "arising in," or "related to" is that Congress' intent in using these three jurisdictional phrases was not to create three mutually exclusive jurisdictional bases, but rather to indicate the expansive and comprehensive nature of bankruptcy jurisdiction under the

no need to directly refute it, because *GWF* can be easily distinguished from the case at bar.

The *GWF* court quoted a provision in the legislative history in support of its holding:

> The use of the term "proceeding," though, is not intended to confine the bankruptcy case. Very often, issues will arise after the case is closed, such as over the validity of a purported reaffirmation agreement, proposed 11 U.S.C. 524(b), the existence of post-bankruptcy discrimination, proposed 11 U.S.C. 525, the validity of securities issued under a reorganization plan, and so on. The bankruptcy courts will be able to hear these proceedings *because they arise under title 11.*

*Id.* at 780 (quoting H.Rep. No. 595, 95th Cong., 1st Sess. (1977) at 445 U.S.Code Cong. & Admin.News 1978, pp. 5787, 6401 (Emphasis theirs)). Relying on this statement, *GWF* "finds a clear congressional intent that bankruptcy jurisdiction should continue for the purpose of deciding proceedings 'arising under' title 11, despite the closing of the bankruptcy case." *Id.* However, the quote addresses those matters that a bankruptcy court *must* decide to insure that its orders entered in a prior bankruptcy case are properly followed. Additionally, the *GWF* case similarly involved a bankruptcy case that was closed after a chapter 11 liquidating plan had been deemed fully administered. Closing a case after full administration of a plan also creates rights arising under title 11 that may very well have to be adjudicated upon by the bankruptcy court at a later time. But the results of a dismissal have different consequences, especially for actions to recover preferential transfers and other actions that depend upon the existence of the bankruptcy for their viability.

Section 349 of the code supports this conclusion. A dismissal of the case reinstates preferential transfers and revests property of the estate in the entity where such property was vested before the commencement of the case. 11 U.S.C. 349(b).[3] Congress intended this section "to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case." H.R.Rep. No. 595, 95th Cong., 1st Sess. 338 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 48–49 (1978) U.S.Code Cong. & Admin.News, 1978, pp. 5787, 5834–5835, 6294. Section 349 reveals a clear congressional intent to restore preferential transfers, if possible. One court has suggested that even after a final judgment has been entered, section 349 would apply to reinstate the preference after dismissal of the underlying bankruptcy case. *Wendel v. Gordon Assoc. Advertising Publ. Relations, Inc. (In re Prof. Success Sem. Int'l, Inc.),* 22 B.R. 554 (Bankr.S.D.Fla.1982). I conclude that, for both of the adversary proceedings in question, bankruptcy court jurisdiction ended upon the dismissal of the underlying case.

Finally, a recent Seventh Circuit case also supports this conclusion. *In re Stat. Tabulating Corp.,* 60 F.3d 1286 (7th Cir.1995). The federal government, a creditor and lienholder in the case, challenged a distribution approved by the bankruptcy court to a second lienholder, LaSalle. *Id.* at 1287. The distribution was opposed because it allegedly violated an agreement between the government and LaSalle in a prior adversary proceeding, and because LaSalle failed to pro-

Bankruptcy Reform Act of 1987 [sic], e.g. "In sum, the combination of the three bases for jurisdiction, 'arising under title 11,' 'arising under a case under title 11,' and 'related to a case under title 11,' will leave no doubt as to the scope of the bankruptcy court's jurisdiction over disputes." (citations omitted). Only after *Northern Pipeline [Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982)] did it become* necessary to begin pigeonholing bankruptcy proceedings into a jurisdictional matrix. *GWF,* 85 B.R. at 775, n. 1.

**3.** The statute states, in pertinent part:

Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title—
(1) reinstates—

(B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title....

(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

744

vide the government proper notice of the distribution. *Id.* While the issue was being appealed, the bankruptcy case was dismissed. *Id.* The bankruptcy court held that it no longer had jurisdiction over the controversy and could not decide the issue on remand. *Id.* at 1288. The Court of Appeals reversed, and outlined where automatic dismissal may be warranted:

> LaSalle's argument that the whole case, including pending appeals, falls when the underlying bankruptcy is dismissed has force where the matter on appeal is entirely dependent on the existence of the bankruptcy. For example, LaSalle relies heavily on *In re Income Prop. Builders, Inc.,* 699 F.2d 963 (9th Cir.1982), a case where the matter on appeal was whether the bankruptcy court had properly lifted the automatic stay. Because the stay is dependent on the existence of the bankruptcy, the dismissal of the case disposed of any dispute about the stay. In other words, the dismissal of the case brought about a full resolution of all disputes between the parties, mooting the controversy regarding the stay.

*Id.* at 1289–90 (footnote omitted).

The issues here have similarly been rendered moot, and I have no discretion to retain jurisdiction over something which does not exist.

In conclusion, I find that an adversary proceeding filed to recover a preference under section 547 must be dismissed along with the dismissal of bankruptcy case. Separate orders shall be entered in the adversary proceedings in question, in accordance with this opinion.

DONE AND ORDERED.