KAREN K. SPECIE, Chief U.S. Bankruptcy Judge
THIS MATTER is before the Court on the Motion to Re-Open Chapter 13 Case and Request for Hearing on Motion for Relief from Stay ("Motion to Re-Open") filed on behalf of Creditor, Home Point Financial Corporation ("Creditor").[1] For the reasons articulated below, the Motion to Re-Open is due to be denied.
*921 Former Debtor commenced this Chapter 13 case by filing a voluntary petition on July 18, 2018 without the required creditor matrix.[2] On July 19, 2018, the Court entered an Order to Show Cause requiring former Debtor to file a mailing matrix by August 2, 2018, barring which the case would be dismissed.[3] Debtor failed to file a creditor matrix, so the case was dismissed by Order dated August 22, 2018.[4] After the case was dismissed, on September 18, 2018 Creditor filed two motions seeking nunc pro tunc stay relief; one against Debtor and the other directed to a co-debtor.[5] On October 23, 2018, Creditor filed the Motion to Re-Open.[6]
There is a distinction between reopening a closed case and vacating an order dismissing a case.[7] "After [entry of] an order of dismissal, the debtor's debts and property are subject to the general laws, unaffected by bankruptcy concepts."[8] As this Court has previously recognized, "[c]losing a case after full administration of a plan ... creates rights ... that may very well have to be adjudicated ... at a later time. But the results of a dismissal have different consequences ...."[9]
Under Fed. R. Bankr. P. 9023 which adopts Rule 59 of the Federal Rules of Civil Procedure, the Dismissal Order became final fourteen (14) days after entry on the docket, or September 5, 2018.[10] Creditor filed its stay relief motions approximately two weeks after the Dismissal Order became final. Creditor could have requested that the Dismissal Order be amended or vacated pursuant to Fed. R. Bankr. P. 9023 but did not. When the dismissal became final the Court's subject matter jurisdiction dissipated.[11] With the case dismissed, this Court is not able to "affect the rights of litigants before it ... and ... lacks subject matter jurisdiction ...."[12]
*922 Through no fault of their own, Creditor and the state court conducted the foreclosure sale after Debtor filed her Chapter 13 Petition. That is because they apparently received no notice of this case. Debtor did not file a Matrix or Schedules, so Creditor received no notices from this Court until after it filed its stay relief motions.[13] Debtor finally provided the state court and Creditor with written notice of the filing of this case on August 1, 2018, when she filed a Notice of Bankruptcy in the foreclosure action.[14] It seems patently unfair for former Debtor to possibly gain an advantage by filing a Chapter 13 petition, not giving notice to Creditor or anyone else, and then seeking protection of the automatic stay. But, Creditor had actual notice of this case in ample time to seek appropriate relief from this Court.[15] Instead, Creditor now seeks to "re-open" this dismissed case.
This case having been dismissed, there is nothing left to "re-open." For the reasons stated, it is
ORDERED:
1. Creditor's Motion to Reopen Chapter 13 Case and Request for Hearing on Motion for Relief from Stay (Doc. 26), is DENIED. The hearing on the Motion currently scheduled for November 28, 2018 is CANCELED.
2. This Order is without prejudice to Creditor seeking such other relief as may be appropriate, including a ruling by the Circuit Court of the First Judicial Circuit in and for Escambia County, Florida on the motion of former Debtor, filed on August 8, 2018 in Home Point Financial Corporation v. Cody Creamer, et. al. , Case No. 2017 CA 000511.[16]
DONE and ORDERED on November 27, 2018.

Doc. 26.

Doc. 1.

Doc. 7.

"Dismissal Order," Doc. 16.

Motion for Relief from Stay to Enforce Final Judgment of Foreclosure Nunc Pro Tunc to July 18, 2018 and Validation of Sale and Motion for Relief from Co-Debtor Stay to Enforce Final Judgment of Foreclosure Nunc Pro Tunc to July 18, 2018 and Validation of Sale (Docs. 19 & 20).

On October 16, 2018, the Court entered a Final Decree . Doc. 24. That document erroneously stated that the "estate of the above named debtor has been fully administered." Id. The Court is in the process of preparing an order vacating or modifying, as appropriate, the Final Decree to, at minimum, properly reflect that this case was dismissed and no estate was administered.

In re Income Property Builders, Inc. , 699 F.2d 963 (9th Cir. 1982) ; In re Davison , 186 B.R. 741 (Bankr. N.D. Fla. 1995).

Income Property Builders, Inc. , 699 F.2d at 965.

Davison , 186 B.R. at 743.

Fed. R. Bankr. P. 9023 states, in pertinent part: "A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment...."

See In re Westgate Nursing Homes, Inc. , 518 B.R. 250, 255 (Bankr. W.D.N.Y. 2014).

Westgate Nursing Homes , 518 B.R. at 256 ; see also Fox v. Bd. of Trs. of the State Univ. of New York , 42 F.3d 135, 140 (2d Cir. 1994). Two exceptions to the rule of complete loss of jurisdiction upon case dismissal exist, but neither applies here. The first exception is when the dismissal order itself expressly provides for continued jurisdiction. Here, the Dismissal Order did not retain jurisdiction of any kind. The second exception is the inherent jurisdiction of a bankruptcy court to consider final fee applications in Chapter 11 and 13 cases, which is in the nature of "clean-up" jurisdiction founded in a bankruptcy court's authority over professionals under the fee provisions contained in 11 U.S.C. §§ 330 and 331 and in 28 U.S.C. § 1334(b). See In re Sweports, Ltd. , 777 F.3d 364, 367 (7th Cir. 2015).

See , Doc. 25.

Doc. 19-6 (Exhibit F), p. 1.

Creditor had at least twenty-one (21) days before this Court entered the Order of Dismissal, and thirty-five (35) days before that order became final.

That motion is entitled: Amended Motion to Vacate the Order on New Palm Financial, LLC's Motion to Direct Clerk to Issue Writ of Possession Motion to Vacate teh [sic] Certificate of Title Issued on July 31, 2018 Vacate the Certificate of Sale Issued on July 19, 2018 and Vacate the Foreclosure Sale Held on July 19, 2018.