Donald R. PAULEY and Patricia L. Pauley, Appellants,

v.

BANK ONE COLORADO CORPORATION and TIG Premier Insurance Company, Appellees.

Civil Action No. 96–K–2433.
Bankruptcy No. 96–11082–RJB.
Adversary No. 96–1235–PAC.

United States District Court,
D. Colorado.

Feb. 14, 1997.

274

Paul F. Miller, Lakewood, CO, for Appellants.

Audris G. Hampton, Burke & Castle, P.C., Robert W. Reed, Aronowitz, Ford & Reed, Denver, CO, Thomas W. Henderson, Burg & Eldredge, P.C., Englewood, CO, for Appellees.

## MEMORANDUM DECISION
## ON APPEAL

JOHN L. KANE, Jr., Senior District Judge.

Donald R. Pauley and Patricia R. Pauley appeal from two summary judgment rulings by Bankruptcy Judge Patricia Ann Clark in favor of Bank One Colorado Corporation and TIG Premier Insurance Company respectively. Review is *de novo.* I deny the appeal.

### I. *Background.*

Appellants, Donald and Patricia Pauley ("Pauleys"), bought a pickup truck from Knowlton Auto Sales and Leasing in August 1993. The Pauleys financed the purchase of the vehicle by signing a promissory note and security agreement ("Loan Agreement") covering the vehicle. The entire transaction occurred in Grand Junction, Colorado. Bank One is the holder of the promissory note.

Under the provisions of the Loan Agreement, the Pauleys were to keep the vehicle insured, and if they failed to do so, Bank One, as holder of the promissory note, was entitled to obtain collateral protection insurance ("CPI"). On March 4, 1994, Bank One advised the Pauleys that insurance on the vehicle had lapsed and that Bank One would obtain CPI if the Pauleys failed to produce evidence of insurance. When the Pauleys failed to provide insurance for the vehicle, Bank One obtained CPI from Transamerica Premier Insurance Company of Orange County, California. The Pauleys later provided proof of insurance, at which time the CPI was cancelled and the refund was credited to the Pauleys' loan.

On December 6, 1994, Bank One again notified the Pauleys of an insurance lapse and that CPI would be obtained if proof of insurance was not produced by the Pauleys. When the Pauleys failed to provide proof of insurance, Bank One obtained CPI from the Monrovia, California office of the appellee, TIG Premier Insurance Company.

The Pauleys filed this action as an adversary proceeding in the Bankruptcy Court. The Complaint alleges violation of The Truth in Lending Act ("TILA"), 15 U.S.C. § 1605 and Regulation Z, 12 C.F.R. §§ 226.4, 226.7, 226.9 and 226.13; violation of the Texas Unfair and Deceptive Trade Practices Act, Tex. Bus. & Comm.Code § 17.41 *et seq.* and Tex. Ins.Code § 21.21; violation of the Colorado Consumer Protection Act, Colo.Rev.Stat. § 6–1–105(1)(*l* )–(u); and breach of the duty of good faith and fair dealing.

### II. *Dismissal of Underlying Chapter 13 Bankruptcy Case.*

On January 17, 1997, Bankruptcy Judge Roland Brumbaugh entered an order dismissing the Chapter 13 underlying bankruptcy case. The initial inquiry is whether I have jurisdiction over the appeal on the adversary proceeding in light of this dismissal. That dismissal does not affect this appeal. At the outset of oral argument, I asked counsel to state their respective positions in this regard and all agreed that I should retain jurisdiction.

The Eleventh Circuit has addressed this issue in the context of a dismissal of a Chapter 11 bankruptcy proceeding. *See Fidelity & Deposit Co. of Maryland v. Morris (In re Morris),* 950 F.2d 1531 (11th Cir.1992). While the court recognized the general rule that "dismissal of a bankruptcy case normally results in the dismissal of related proceedings," *id.* at 1534, it noted that for adversary proceedings that are "related to" the under-

lying bankruptcy case, jurisdiction is not automatically stripped from a federal court, *id.* The court may examine the degree of difficulty of the related issues, the fairness and convenience to the litigants and the interests of judicial economy in deciding whether to retain jurisdiction. *Id.* The rationale for retention of jurisdiction over an adversary proceeding is that some cases " 'have progressed so far that judicial interference is needed to unravel or reserve the rights of the parties.' " *Id.* at 1535 (quoting *Un–Common Carrier Corp. v. Oglesby*, 98 B.R. 751, 753 (S.D.Miss.1989)).

■ The law does not allow the use of discretion when an adversary proceeding depends upon the bankruptcy case for its existence. *See, e.g., Roma Group, Inc. v. Michael Anthony Jewelers (In re Roma Group, Inc.)*, 137 B.R. 148, 150–51 (Bankr.S.D.N.Y. 1992) (holding that court had discretion to retain an action for money damages resulting from an alleged tortious interference with the debtor's contracts—a claim "related to" the dismissed Chapter 11 case, but that the debtor's cause of action for equitable subordination of a claim disappeared with the dismissal of the underlying bankruptcy case); *In re Davison, III*, 186 B.R. 741, 742 (Bankr. N.D.Fla.1995) (finding an action for the recovery of a preference must disappear with the dismissal of the underlying bankruptcy case).

The pending adversary proceeding of the Pauleys against Bank One and TIG concerns claims for alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, the Texas Unfair and Deceptive Trade Practices Act, Tex.Bus. & Comm.Code § 17.41 *et seq.*, and the Colorado Consumer Protection Act, Colo.Rev.Stat. § 6–1–105(1)(*l* )–(u). The adversary proceeding does not depend on the bankruptcy case for its existence. In the interests of fairness and convenience to the litigants as well as the interests of judicial economy, I will retain jurisdiction.

### III. *Issues on Appeal.*

#### A. *Violation of the Truth in Lending Act.*

■ The Pauleys argued before the bankruptcy court that Bank One violated TILA and Regulation Z, the regulatory promulgation of TILA by the Federal Reserve Board. The sections cited by the Pauleys in their Complaint relating to alleged violations by Bank One of TILA and Reg. Z are within the confines of "open-end credit transactions," i.e. a plan under which the creditor contemplates repeated transactions as opposed to "closed-end credit transactions." The bankruptcy judge held the credit transaction between the Pauleys and Bank One was a closed-end credit transaction and as a result only certain provisions of TILA and Reg. Z apply. The bankruptcy judge found Bank One had complied with these provisions.

On appeal, the Pauleys appear to abandon their claims relating to open-end credit transactions and instead argue that Bank One violated Subpart C of Reg. Z which relates to closed-end credit. For the first time, on appeal, the Pauleys raise the argument that there are three transactions to which TILA and Reg. Z apply, the original loan transaction evidenced by the Loan Agreement, and each of the two CPI purchases made by Bank One. The Pauleys contend Bank One failed to make disclosures relating to the two CPI purchases.

The Pauleys argument is rejected because it in effect raises a new issue not presented below. *See Reynolds v. School Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1533 (10th Cir. 1995).

■ Even if I address the argument, the CPI purchases were made pursuant to the Loan Agreement, which sets forth one loan transaction. Bank One purchased the CPI for its benefit because the Pauleys did not fulfill their obligation to keep the collateral insured. Contrary to the Pauleys' claims, Bank One did not violate TILA or Reg. Z when it purchased the CPI.

Reg. Z states that if a disclosure becomes inaccurate because of a "subsequent event," the resulting inaccuracy is not a disclosure or finance charge violation. 12 C.F.R. § 226.17(e). *See also Adams v. GMAC Mortgage Corp. of PA*, 1994 WL 702639 (N.D.Ill.1994).

A change in a payment schedule or a change in collateral requirements as a result

of a consumer's subsequent default or delinquency is not a refinancing or other type of transaction that requires a new disclosure. 12 C.F.R. § 226.20(a)(4). The only exception to this is where there is a rate, i.e. finance charge, increase or when the new amount financed exceeds the unpaid balance of the loan, plus the premiums for continuing the insurance plus the earned finance charges. *Id.* The record shows Bank One did not charge the Pauleys more than the cost of the insurance premiums, plus the unpaid loan balance, plus any finance charges. Accordingly, there was no violation.

Reg. Z provides CPI is not considered to be part of the finance charge if the creditor complies with the disclosure requirements of 12 C.F.R. § 226.4(d). 12 C.F.R. § 226.18(n). Bank One complied with this disclosure requirement because the Loan Agreement made it clear that liability insurance was not part of the transaction and contained an acknowledgement that the Pauleys had such insurance in place, as they did when they entered the transaction. 12 C.F.R. § 226.4(d)(2). On the back of the Loan Agreement, Bank One is given an option to place and pay for insurance on the collateral in the event the debtor fails to keep the collateral insured. Because appropriate disclosures were made, Bank One did not violate TILA or Reg. Z.

■ The Pauleys' argument that the CPI obtained by Bank One was credit insurance (the type which pays the creditor in the event of a borrower's monetary default) finds no support in the record. The CPI, collateral protection insurance, obtained by Bank One, paid the creditor in the event that the collateral was damaged or destroyed during the time that the CPI was in place. Credit insurance was therefore beyond the scope of the CPI obtained by Bank One.

For these reasons, I find there was no violation of TILA.

B. *Violation of the Texas Unfair and Deceptive Trade Practices Act.*[1]

■ The Pauleys' second claim for relief against Bank One and TIG, a Texas corpora-

tion, is for alleged violations of the Texas Unfair and Deceptive Trade Practices Act.

In determining whether Colorado or Texas law applies to the Pauleys' claim, the pertinent provisions of the *Restatement (Second) of Conflicts of Law* §§ 9, 187, 188, 193 and 201 are of import. I find there to be no connection between Texas and the occurrence that is the basis for this action and none of the dealings between the parties to relate to Texas. Accordingly, the Pauleys claims under Texas law must fail.

C. *Violation of the Colorado Consumer Protection Act.*

■ The third claim for relief is based on violations of the Colorado Consumer Protection Act by Bank One and TIG.

The Pauleys' appellate brief states new and different violations of the Colorado Consumer Protection Act which were not presented to the bankruptcy court, asserting deceptive advertising and wrongful withholding of information by Bank One and TIG in violation of the act. Again, these arguments are rejected because they raises new issues not presented below. *See Reynolds,* 69 F.3d at 1533.

■ Even if the new issues are addressed, the Important Insurance Notices mailed to the Pauleys by Bank One were not "advertisements" under Colo.Rev.Stat. § 6–1–102(1) because they tried to discourage the Pauleys from forcing Bank One to obtain CPI, rather than induce them to permit Bank One to obtain CPI.

■ Similarly, the alleged violations of Colo.Rev.Stat. § 6–1–105 are defective in that there was no element of reliance by the Pauleys upon the alleged misdeeds of the Defendants. Nor do I find there were any misrepresentations by Defendants concerning the CPI.

In brief, I find the newly cited provisions of the Colorado Consumer Protection Act

---

1. Plaintiffs argue simultaneously both Texas law, the Texas Deceptive Trade Practices Act, and Colorado law, the Colorado Consumer Protection Act apply to the same wrongful conduct. They do not state these claims in the alternative.

were not violated because Defendants made no false representations concerning the CPI to induce the Pauleys to enter into a transaction. Bank One notified the Pauleys that if they did not obtain insurance, it would obtain CPI at a specific cost, which CPI was different from the insurance the Pauleys had or should have had and that the CPI would not fulfill the Pauley's insurance requirements under state law.

IV. *Conclusion.*

Based on the above, I affirm the decision of the bankruptcy judge. Accordingly,

IT IS ORDERED THAT this appeal is DISMISSED and the orders on summary judgment entered by the bankruptcy court are AFFIRMED.