**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DONALD E. ARMSTRONG,

Plaintiff-Appellant,

v.

STEVEN R. BAILEY, individually
and as trustee of Willow Brook
Cottages, L.L.C.; DUANE H.
GILLMAN, individually; and
MCDOWELL & GILLMAN, P.C.,

Defendants-Appellees.

No. 03-4098
(D.C. No. 2:02-CV-909-DB)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **McCONNELL** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Donald E. Armstrong appeals the order of the district court dismissing, with prejudice, his adversary proceeding for lack of jurisdiction. Finding no error, we affirm.

In June 2002, while his Chapter 11 case was still pending, Armstrong filed for relief under Chapter 13. His case was assigned No. 02-29051 (the Chapter 13 case). In July 2002, defendant Bailey filed a proof of claim in the Chapter 13 case and later filed a motion for relief from stay in order to pursue a cross-appeal then pending in this court. In response to Bailey's filings, Armstrong filed an adversary proceeding in the Chapter 13 case and the same day filed a motion to withdraw the reference and demand for jury trial.

By the time the adversary proceeding was at issue in the district court, the bankruptcy court had dismissed the underlying Chapter 13 case. Because of that dismissal, the district court, finding that the adversary proceeding depended on the bankruptcy case for its existence, dismissed the adversary proceeding with prejudice, citing *Pauley v. Bank One Colorado Corp.*, 205 B.R. 272 (D. Colo. 1997).

Armstrong does not argue that the dismissal of the claims emanating from his Chapter 13 case was error; [1] he does, however, contend that the dismissal should have been without prejudice.

A related proceeding is usually dismissed when the underlying bankruptcy case is dismissed. *Pauley*, 205 B.R. at 274. But if an adversary proceeding is only "related to" the underlying bankruptcy case, the district court has discretion over whether to retain jurisdiction. *Id.* at 274-75. In contrast, if the adversary proceeding "depends upon the bankruptcy case for its existence, . . . jurisdiction is [] automatically stripped from a federal court," and no discretion is involved, *id.* at 275.

When the district court rightly concluded that this adversary proceeding depended on the bankruptcy case for its existence, it was required to dismiss the adversary proceeding. This is an adjudication on the merits of the jurisdictional issue. Thus, the disposition of this case is with prejudice in the sense that it operates as a limitation on subsequent litigation by Armstrong. That is, any attempt by Armstrong to refile this case in federal court will be conclusively barred by the jurisdictional ruling we affirm here.

---

[1]     To the extent Armstrong argues that the district court erred in dismissing the case because he had intertwined issues from his still-pending Chapter 11 bankruptcy in the Chapter 13 adversary proceeding, we note that claims relating to his Chapter 11 case, 00-26592, are only properly brought in that case, not in this wholly separate matter.

The Supreme Court has explained that a dismissal without prejudice primarily means that the plaintiff is not barred "from returning later, to the same court, with the same underlying claim." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001). Because the district court was stripped of its jurisdiction by the dismissal of the underlying bankruptcy case, Armstrong cannot return later to that same court to bring the same claim. Thus, under these circumstances, and whether characterized as a dismissal with prejudice or as a decision with collateral estoppel effect on relitigation of the jurisdictional issue in a federal district court, we find no error in the district court's ruling. *See Matosantos Commercial Corp. v. Applebee's Int'l Inc.*, 245 F.3d 1203, 1210 (10th Cir. 2001) ("[W]here there has been an adjudication on the merits of a jurisdictional *issue* and a determination that there is no federal jurisdiction, the doctrine of [collateral estoppel] precludes a subsequent relitigation of the same jurisdictional *issue* between the same parties." (quotation omitted)).

Armstrong's other arguments, including his law-of-the-case argument and his contention that the district court was without jurisdiction to render the decision at bar, are without merit. The fact that the BAP has recently determined that the Utah bankruptcy court lacked jurisdiction to impose criminal contempt sanctions against Armstrong in a related matter has no relevance to this appeal.

Armstrong's motion for leave to proceed on appeal without prepayment of costs or fees is DENIED, and Armstrong is directed to make immediate payment of the balance of his appellate filing fee. The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Bobby R. Baldock
Circuit Judge